SOUTHERN NEVADA HOMEBUILDERS ASSOCIATION, INC., DURABLE HOMES, INC., R/S DEVELOPMENT CO., PAGEANTRY HOMES CORPORATION DBA PAGEANTRY PARADE, PAGEANTRY I LIMITED PARTNERSHIP, PAGEANTRY IV LIMITED PARTNERSHIP, FALCON DEVELOPMENT CORPORATION, APPELLANTS/CROSS-RESPONDENTS, v. CITY OF NORTH LAS VEGAS, RESPONDENT/CROSS-APPELLANT.

No. 26062

April 3, 1996 913 P.2d 1276

*I.R. Ashleman, II,* Crystal Bay, for Appellants/Cross-Respondents.

*Richard C. Maurer,* City Attorney and *Mark L. Zalaoras,* Chief Deputy City Attorney, North Las Vegas, for Respondent/Cross-Appellant.

## OPINION

*Per Curiam:*

Respondent/Cross-Appellant City of North Las Vegas ("City") adopted an ordinance ("Ordinance") requiring payment of a fee when an applicant applied for a City building permit. The fee proceeds were earmarked for the funding of fire protection and emergency medical services within the City. Appellants/Cross-Respondents Southern Nevada Homebuilders Association ("SNHBA")[1] filed a complaint for declaratory relief, asserting the invalidity of the Ordinance, and seeking reimbursement for fees paid and payment of attorney's fees. SNHBA successfully moved for summary judgment on grounds that the special building permit fees constituted an unlawful tax that substantially benefitted those who were not subject to payment of the fees.

The district court subsequently entered a written judgment granting SNHBA's request for a prohibitory injunction against the City, but denying SNHBA's request for attorney's fees and effectively staying the reimbursement of fees collected pending appeal.

On appeal, SNHBA argues that the district court erred in denying its request for attorney's fees and staying the refund of fees pending resolution of the City's appeal. SNHBA's position is without merit.

On cross-appeal, the City argues that the district court erred in granting SNHBA's motion for summary judgment, and was without jurisdiction to enter an injunction prohibiting the City from enforcing the Ordinance pending appeal. We conclude that summary judgment was warranted; to the extent that the City had authority to adopt the Ordinance, it was preempted by NRS 278B. Additionally, we conclude that the district court retained jurisdiction over the case and controversy, and appropriately prohibited the City from enforcing the Ordinance pursuant to SNHBA's motion for supplemental relief.

## FACTS

On July 7, 1993, the City adopted Ordinance No. 1089. The Ordinance was entitled "Fee for Enhancement and Expansion of Fire and Emergency Medical Services," and required a payment

---

[1]Other Appellants/Cross-Respondents Durable Homes, Inc., R/S Development Co., Pageantry Parade, Pageantry I Limited Partnership, Pageantry IV Limited Partnership, and Falcon Development Corporation are members of Southern Nevada Homebuilders Association, Inc., and will hereinafter be referred to collectively under "SNHBA."

of five cents per square foot of newly constructed building space upon application for issuance of a building permit within the City. Proceeds from the fee would help finance a portion of the cost for developing additional fire protection and emergency medical services ("EMS") "for the people who live and work in the City of North Las Vegas," and mitigate demands on existing fire protection and EMS resources caused by development.

SNHBA filed a complaint for declaratory relief, alleging that the Ordinance was invalid. The complaint also sought a refund of the fees paid, together with attorney's fees.

SNHBA's motion for summary judgment was granted on July 8, 1994, and the Ordinance was declared invalid. On July 8, 1994, the City filed a premature notice of appeal, with issues remaining to be adjudicated. On August 23, 1994, SNHBA moved for supplemental relief, seeking (1) a prohibitory injunction restraining the City from collecting any further revenue under the Ordinance; (2) a refund of sums the City had collected under the Ordinance; and (3) an award of attorney's fees as an item of compensatory damages. The district court entered a written judgment granting SNHBA's request for a prohibitory injunction, but denying SNHBA's request for attorney's fees, and staying SNHBA's refund pending appeal. On October 21, 1994 the City filed an amended notice of appeal. SNHBA filed a notice of appeal on October 28, 1994. Based upon the filing of notices of appeal subsequent to the district court's entry of written judgment, we conclude that the appeal may go forward. *See* Rust v. Clark Cty. School District, 103 Nev. 686, 747 P.2d 1380 (1987).

As previously noted, SNHBA contends on appeal that the district court erred in not granting attorney's fees and in staying the return of funds until appeal is finally determined. On cross-appeal, the City maintains that the district court erred in granting SNHBA's motion for summary judgment and in entering an injunction prohibiting the City from enforcing the Ordinance pending appeal.

## DISCUSSION

*Motion for Summary Judgment*

The City contends that NRS 278B.160 is not exclusive, but allows impact fees to be assessed for projects other than those enumerated. We disagree.

NRS 278B.160 provides, in pertinent part:

> A local government may by ordinance impose an impact fee in a service area to pay the cost of constructing a capital improvement or facility expansion necessitated by and attributable to new development.

"Impact fee" is defined as "a charge imposed by a local government on new development to finance the cost of a capital improvement or facility expansion by and attributable to the new development." NRS 278B.050. "Capital improvement" is defined as

1. Drainage project;
2. Sanitary sewer project;
3. Storm sewer project;
4. Street project; or
5. Water project.

NRS 278B.020. "Facility expansion" is defined as "any natural and artificial watercourses, water diversion and water storage facilities, including all appurtenances and incidentals necessary for any such facilities." NRS 278B.040.

We conclude that the language of NRS 278B is clear on its face, allowing impact fees only for the enumerated projects. However, even if NRS 278B were considered ambiguous, the legislative history of the statute clearly reflects an intent to restrict the projects for which impact fees could be imposed. *See* Cleghorn v. Hess, 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993) (legislative intent is the controlling factor in statutory interpretation); Sheriff v. Marcum, 105 Nev. 824, 826, 783 P.2d 1389, 1390 (1989) (a statute that is ambiguous should be construed in light of the legislative intent, reason and public policy).

Several statements made during committee hearings clearly indicate that the language of NRS 278B was intended to limit the projects for which impact fees could be imposed. In the March 30, 1989 hearing, a specific question was asked concerning whether the impact fees would cover a fire station. William Thomas, who had been charged with advising the legislature on the purpose of the bill, answered that he believed fire and police were excluded. *Minutes of the Assembly Committee on Government Affairs* 65th Sess. 12 (1989). Moreover, a question was asked whether there would be "anything in addition to roads and underground to be covered by impact fees." Thomas responded, stating, "according to the way the enabling legislation was written, in what he [Thomas] believed to be section 3 [now NRS 278B.020], that was the *limiting factor to determine exactly what impact fees could be used for.*" *Id.* (emphasis added). Again, in the April 14, 1989 Minutes of Assembly Committee on Government Affairs, Assemblywoman Myrna Williams clearly stated the intent of the legislation:

> Throughout [the] country, there seems to have been an adverse relationship between private developers and local

governments. Local governments, who are struggling to meet their infrastructure needs, look upon new development as a source of funding to take care of their infrastructure needs. Private development claims they are getting hit too hard and object. Problem ends up in court. Decision has to be made who pays for infrastructure.

AB 372 [NRS 278B] provides for a predictable amount of impact fees on new development. It will help to keep cost of new development down. At [the] same time, it will allow local governments to have a predictable formula in source of funding for basic infrastructure needs. . . .

Subcommittee's intention was to work out compromise on both sides in an effort to keep cost as low as possible while allowing local governments to impose impact fees to fund infrastructure that would be necessary as a result of new development.

*Id.* at 41.

The above quotes provide examples of a general understanding expressed at the hearing, to the effect that the list of projects subject to impact fees was to be exclusive.

*Jurisdiction*

The City argues that it had already filed a notice of appeal when the district court entered the injunction prohibiting the City from enforcing the Ordinance, thus leaving the district court without jurisdiction to enter the injunction. We do not agree. The City filed the notice of appeal after the court granted SNHBA's motion for summary judgment; however, the motion for summary judgment only resolved the issue of the validity of the Ordinance. NRAP 3A(b)(1) states: "An appeal may be taken: (1) From a final judgment in an action or proceeding commenced in the court in which the judgment is rendered." This court has defined a "final judgment," as a judgment "that disposes of the issues presented in the case . . . *determines the costs, and leaves nothing for the future consideration of the court.*" Magee v. Whiteacre, 60 Nev. 202, 205, 96 P.2d 201, 202 (1939) (emphasis added). Also, NRAP 4(a)(1) states, "A notice of appeal filed after the oral pronouncement of a decision or order but before the entry of a written judgment or order shall have no effect." In the present case, the notice of appeal was filed by the City prior to entry of the written judgment and prior to the resolution of all issues presented to the court; therefore, the premature appeal had no effect, and the district court retained jurisdiction.

The City next contends that the district court erroneously

entered the injunction, since no prayer for such relief was made in SNHBA's initial complaint. However, it is not necessary that such a prayer for injunctive relief be included in the initial complaint, since NRS 30.100 specifically allows supplemental relief based upon a declaratory judgment. The statute provides in pertinent part:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant relief.

SNHBA sought supplemental declaratory relief based upon a motion for such relief as permitted by the referenced statute. The district court thus had jurisdiction to provide the declaratory relief sought by SNHBA.

The City nevertheless contends that supplemental relief was inappropriate because NRS 30.100 requires a "petition" for such relief, and SNHBA sought the injunction by motion. However, the City cites no authority for such a meaningless distinction within the context and purpose of NRS 30.100. The statute allows supplemental relief based upon a declaratory judgment "whenever necessary," and relief from the previously declared invalid Ordinance was necessary and proper, whether in the form of a petition or a motion. This court has never hesitated to look to the substance of the relief sought, rather than the label attached to it.

*Attorney's Fees*

SNHBA contends that the district court erred in not granting SNHBA's motion for attorney's fees. An award of attorney's fees generally resides within the discretion of the district court when such fees are recoverable, and will not be overturned in the absence of a manifest abuse of discretion. County of Clark v. Blanchard Constr. Co., 98 Nev. 488, 492, 653 P.2d 1217, 1220 (1982).

In the present case, the court heard SNHBA's arguments in favor of attorney's fees, but concluded that since the City's adoption of the Ordinance occurred in good faith, an award of attorney's fees would not be appropriate. We do not see an abuse of discretion in the court's decision.

*Return of Funds*

SNHBA contends that the district court erred in delaying a refund of the fees until the judgment was affirmed on appeal.

304

However, SNHBA cites no authority for the proposition that the district court was obligated to order an immediate refund of the fees. This court need not consider assignments of error that are not supported by relevant legal authority, and we therefore decline to review this issue. Sheriff v. Gleave, 104 Nev. 496, 498, 761 P.2d 416, 418 (1988).

## CONCLUSION

For the reasons discussed above, we affirm the judgment of the district court in its entirety.