CHRISTOPHER M. EDWARDS, APPELLANT, v. ED GHAN-
DOUR; MOUNTAIN LAKE DEVELOPMENT CORPORA-
TION, A NEVADA CORPORATION; TANAM CORPORATION,
A NEVADA CORPORATION; ANNA GHANDOUR, IN HER
OFFICIAL CAPACITY; AND JAMES WAITE, RESPONDENTS.

No. 43166

CHRISTOPHER M. EDWARDS, APPELLANT, v. MOUNTAIN
LAKE DEVELOPMENT CORPORATION, A NEVADA COR-
PORATION; ED GHANDOUR, IN HIS INDIVIDUAL CAPACITY;
TANAM CORPORATION, A NEVADA CORPORATION; ANNA
GHANDOUR, IN HER INDIVIDUAL CAPACITY; MARY
GILANFARR, DBA MGI INTERNATIONAL REAL ES-
TATE, IN HER INDIVIDUAL CAPACITY; AND JAMES WAITE, IN
HIS INDIVIDUAL CAPACITY, RESPONDENTS.

No. 44207

June 7, 2007                                    159 P.3d 1086

[Rehearing denied July 23, 2007]

*Christopher M. Edwards*, in Proper Person.

*Beckley Singleton, Chtd.*, and *Bruce T. Beesley*, Reno, for
Respondents Tanam Corporation, James Waite, and Anna
Ghandour.

*Dean R. Headley*, Tahoe City, California, for Respondents Ed Ghandour and Mountain Lake Development Corporation.

*Thomas J. Hall*, Reno, for Respondent Mary Gilanfarr, d/b/a MGI International Real Estate.

Before PARRAGUIRRE, HARDESTY and SAITTA, JJ.

## OPINION

*Per Curiam:*

### INTRODUCTION

These proper person appeals present us with an opportunity to clarify two issues: (1) that our decision in *Rickard v. Montgomery Ward & Co.*,[1] holding that a defendant's bankruptcy operates to toll NRCP 41(e)'s five-year period for bringing an action to trial, applies only to the particular defendant or defendants who have filed for bankruptcy protection, not to defendants who are not bank-

---

[1] 120 Nev. 493, 96 P.3d 743 (2004).

ruptcy debtors; and (2) that an appeal from the district court's final judgment does not affect that judgment's finality for purposes of claim preclusion.

In the proceedings below, appellant Christopher M. Edwards ultimately filed two actions against the same defendants. In Edwards' first action, one defendant, during the proceedings, filed for federal bankruptcy protection. After the bankruptcy court granted Edwards relief from the bankruptcy automatic stay, Edwards voluntarily dismissed that defendant from his action.

The district court entered other interlocutory dismissal orders and default judgments, then ultimately dismissed Edwards' claims against the remaining defendants based on his failure to bring his action to trial within the mandatory five-year period set forth in NRCP 41(e). After this dismissal order was entered, Edwards perfected an appeal. He then filed his second action, asserting the same claims against many of the same defendants; this action was dismissed based upon NRCP 41(e)'s claim-preclusion provision.

Regarding Edwards' failure to bring his first action to trial within five years, our *Rickard* decision provides that while the bankruptcy automatic stay is in effect, the five-year period under NRCP 41(e) is tolled.[2] We now clarify, however, that the tolling effect of the automatic stay applies only to the particular defendant who is engaged in the bankruptcy proceedings, since the automatic stay applies only to actions against the debtor defendant, not nondebtor codefendants.[3] Therefore, unless the trial judge separately stays the plaintiff's action with respect to nondebtor defendants, the action may proceed against those defendants, and the five-year period continues to advance. Consequently, in this case, the single defendant's bankruptcy proceedings had no impact on Edwards' case against the other defendants, and the district court properly dismissed Edwards' action based on his failure to bring it to trial within five years.

With respect to Edwards' appeal from the district court's final judgment, we conclude that it did not affect the judgment's finality for purposes of claim preclusion. As judgments dismissing a case for failure to prosecute under NRCP 41(e) are given preclusive effect, the district court properly dismissed Edwards' second action.

## FACTS AND PROCEDURAL HISTORY

### Edwards' first case (1998)

Edwards and his two business partners filed a complaint in the first case on October 22, 1998. In their complaint, Edwards and

[2]120 Nev. 493, 96 P.3d 743.

[3]11 U.S.C. § 362(a) (2000).

his partners essentially alleged that they were fraudulently induced into leasing restaurant space, and they brought claims for intentional misrepresentation, knowing concealment of material facts, knowingly making false promises, breach of contract, negligence, various violations of Nevada real estate statutes, strict liability, and unjust enrichment against eleven defendants. They later added claims for malicious prosecution and abuse of legal process based upon a counterclaim. Shortly after the complaint was filed, one of Edwards' two business partners informally requested, in a letter, to be removed as a plaintiff.

Although Edwards and his partners were initially represented by counsel, counsel was disbarred during the district court proceedings and moved to withdraw. After counsel withdrew, Edwards filed an amended complaint in proper person. Edwards, who was not authorized to practice law on behalf of his business partners and ostensibly knew of one partner's request to be removed as a plaintiff, nevertheless named both business partners as plaintiffs in his amended complaint. Based upon Edwards' proper person status, the district court ruled that the amended complaint would relate solely to Edwards and removed the business partners from the caption. Even so, it later determined that the earlier complaint remained effective as to the business partners.

### Bankruptcy proceedings

In March 2000, one of the defendants filed for federal bankruptcy protection, thus commencing the automatic bankruptcy stay. Approximately one year later, in April 2001, the federal bankruptcy court entered an order granting the parties in Edwards' action relief from the bankruptcy stay. In June 2001, even though the automatic stay had by that time been lifted, the district court acknowledged the stay and ordered the proceedings in Edwards' action stayed until the bankruptcy court lifted the automatic stay.

Purportedly because his attorney had been disbarred and had withdrawn, Edwards did not notify the district court that the automatic bankruptcy stay had been lifted until the court entered its own stay order. Although he filed a notice in the district court, Edwards did not move for a trial setting or to set aside the district court's stay order. Not knowing the true status of the bankruptcy stay, the district court entered an order in April 2002, refusing to consider any further pleadings until the bankruptcy stay was lifted. When it realized its error, the district court entered an order rescinding its previous stay orders. Later, Edwards stipulated to dismiss his complaint as to the defendant who had filed for bankruptcy protection, and this defendant was formally dismissed from the action.

After the district court rescinded its stay orders, Edwards' business partner who had previously requested to be removed as a plaintiff filed for federal bankruptcy protection. As a result, Ed-

wards filed, in the district court action, a notice of this bankruptcy petition as well as a motion to stay the district court proceedings as of the date of the bankruptcy filing. Edwards also sought to have all pleadings and orders filed after that date declared void. The district court declined to retroactively stay the proceedings and denied Edwards' motions.

### District court's rulings with respect to Edwards' claims

Following its decision to deny Edwards' motions, the district court dismissed two other defendants and entered default judgments against two others. Finally, in March 2004, the district court dismissed the action against the remaining defendants under NRCP 41(e)'s five-year rule because trial had not commenced before the period expired on October 22, 2003. Edwards, in proper person, then timely appealed, challenging that order. His appeal was docketed as No. 43166.

### Edwards' second case (2004)

In April 2004, shortly before he filed his notice of appeal from the district court's NRCP 41(e) dismissal order, Edwards, in proper person, filed a complaint in the district court that was nearly identical to his 1998 complaint. This second complaint, as subsequently amended, added a cause of action for breach of the implied covenant of good faith and fair dealing and was filed against six of the eleven defendants named in the 1998 complaint.[4] Edwards' 2004 complaint explained that it was filed to meet the six-year statute of limitations for contract actions, which governed the commercial lease being challenged in his original case. Edwards also stated in his 2004 complaint that "[t]he facts of this complaint overlap and expand upon the facts in [the 1998 case]."

The defendants did not answer and instead filed motions to dismiss the second case based on NRCP 41(e)'s claim-preclusion provision, which states that a dismissal under the rule is "a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides." Edwards opposed the motion.

In September 2004, the district court entered an order dismissing Edwards' second case against all but one defendant on the basis of claim preclusion. One month later, the district court entered a similar order dismissing the last remaining defendant, Mary Gilanfarr, also based on claim preclusion.

Gilanfarr subsequently moved for attorney fees under NRCP 68 and NRS 17.115(4), contending that Edwards had rejected her earlier offer of judgment. The district court granted the motion,

---

[4]With respect to one of these defendants, the 2004 complaint named her "in her individual capacity" instead of as president of a business organization, as did the 1998 complaint.

which Edwards opposed, and awarded Gilanfarr attorney fees and costs under NRCP 68. Edwards has appealed from the dismissal order and the attorney fees award, and this appeal was docketed as No. 44207.

## DISCUSSION

In resolving these appeals, we first consider whether, and to what extent, the defendant's and plaintiff business partner's bankruptcy stays in Edwards' first case impacted the running of NRCP 41(e)'s five-year time period. As a defendant's bankruptcy filing triggers the automatic stay only as to that defendant, the filing has no effect on the five-year time limit with respect to a plaintiff's claims against defendants who have not sought bankruptcy protection. Thus, in this case, the defendant's bankruptcy petition had no bearing on the district court's subsequent NRCP 41(e) dismissal order, which pertained to different defendants who were not involved in bankruptcy proceedings. Although the five-year rule was tolled as to the defendant who petitioned for bankruptcy, Edwards ultimately dismissed his action with regard to that defendant.

A plaintiff's bankruptcy petition generally does not implicate the bankruptcy automatic stay because the bankruptcy stay applies to actions ''against the debtor,'' not actions *by* a debtor. Here, the plaintiff business partner's bankruptcy petition, filed shortly before the five-year period ended, did not operate to toll the five-year period with respect to Edwards' claims. Consequently, the district court appropriately declined to consider this bankruptcy filing in dismissing Edwards' action under NRCP 41(e).

The second issue we address is whether a judgment's finality, with respect to its preclusive effect, comes into question if an appeal is taken from the judgment. We agree with the majority of jurisdictions that an appeal has no effect on a judgment's finality for purposes of claim preclusion.

### NRCP 41(e)

NRCP 41(e), which is designed to encourage the efficient processing of meritorious claims,[5] states, in relevant part, that all actions that are not brought to trial within five years after being filed must be dismissed, unless the parties have stipulated to additional time:

---

[5]*Rickard v. Montgomery Ward & Co.*, 120 Nev. 493, 496, 96 P.3d 743, 746 (2004).

> Any action heretofore or hereafter commenced shall be dismissed by the court . . . unless such action is brought to trial within 5 years after the plaintiff has filed the action, except where the parties have stipulated in writing that the time may be extended. . . . A dismissal under this subdivision (e) is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides.

We have explained that the plaintiff is obligated to comply with the NRCP 41(e) prescriptive period and that dismissal is mandatory under the rule.[6]

As set forth above, however, NRCP 41(e) allows for an extension of the five-year period if the parties so stipulate in writing. In addition to this express time extension, we have determined that the five-year period is tolled during any period in which a court-ordered stay applies and when a bankruptcy automatic stay prevents a plaintiff from prosecuting his or her case.[7] Specifically, in *Boren v. City of North Las Vegas*,[8] a 1982 decision, we adopted the rule that any period during which the parties are prevented from bringing an action to trial by reason of a court-ordered stay shall not be computed in determining the five-year period of Rule 41(e), reasoning that "[f]or a court to prohibit the parties from going to trial and then to dismiss their action for failure to bring it to trial is so obviously unfair and unjust as to be unarguable." More than two decades later, we extended *Boren*'s reasoning to cases involving the federal bankruptcy automatic stay. In *Rickard v. Montgomery Ward & Co.*,[9] an appeal involving a plaintiff's claims against a defendant that had filed a federal bankruptcy petition, we saw no reason to distinguish between a stay ordered by the district court and the automatic stay imposed under federal bankruptcy law and concluded that NRCP 41(e)'s five-year prescriptive period is tolled for the time that the bankruptcy automatic stay remains in effect.

■■■

Here, Edwards asserts that because of the district court's stay order (later rescinded) and the bankruptcy filings of one defendant and a plaintiff, NRCP 41(e)'s five-year period was tolled and the district court erred in dismissing his action. We conclude, however, that the district court's stay order, which was mistakenly entered after the bankruptcy stay was lifted, and which was ultimately re-

---

[6]*Morgan v. Las Vegas Sands, Inc.*, 118 Nev. 315, 320-21, 43 P.3d 1036, 1039-40 (2002); *Thran v. District Court*, 79 Nev. 176, 181, 380 P.2d 297, 300 (1963).

[7]*Boren v. City of North Las Vegas*, 98 Nev. 5, 638 P.2d 404 (1982); *Rickard*, 120 Nev. 493, 96 P.3d 743.

[8]98 Nev. at 5-6, 638 P.2d at 404.

[9]120 Nev. 493, 96 P.3d 743 (2004).

scinded, did not toll the NRCP 41(e) period. Edwards, who was required under NRCP 41(e) to diligently prosecute his case, knew that the bankruptcy stay had been lifted at the time that the district court entered its stay, yet he did not move for a trial setting or to set aside the district court's stay order. Since the district court's stay was based on misinformation, and Edwards did not take appropriate action to move his case forward and set aside the stay, which was ultimately rescinded, the five-year period was not tolled by the district court's stay.

Similarly, we conclude that the federal bankruptcy filings did not toll the NRCP 41(e) five-year period with respect to Edwards' claims against the last remaining defendants, who had not sought bankruptcy protection. When a defendant files for federal bankruptcy protection, an automatic stay with respect to legal proceedings against that defendant is imposed under 11 U.S.C. § 362(a). This stay pertains only to actions against the debtor defendant, however, not against nondebtor codefendants.[10] Thus, the automatic stay in no way impedes the plaintiff's action against these other defendants. As our *Rickard* opinion includes broad language that could suggest that one defendant's bankruptcy stay operates to toll the NRCP 41(e) period as to the entire action,[11] we now clarify that one defendant's bankruptcy filing generally will not serve to stay an action with respect to other defendants. The NRCP 41(e) period is tolled only as to the defendant who has sought bankruptcy protection, for the duration of the automatic bankruptcy stay,

---

[10]*See* 11 U.S.C. § 362(a)(1) (2000) (stating that the automatic stay applies to actions "against the debtor"); *Patton v. Bearden*, 8 F.3d 343, 348-39 (6th Cir. 1993) (holding that a partnership's bankruptcy did not stay action against nondebtor partners); *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1992) (stating that automatic stay is not available to nondebtor codefendants, even if they share a similar legal or factual nexus with the debtor); *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121-22 (4th Cir. 1988) (stating that automatic stay did not apply to action against nondebtor guarantor of debtor's obligation); *Ingersoll-Rand Financial Corp. v. Miller Min. Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987) (holding that while debtor's appeal was stayed, nondebtor guarantor's appeal was not); *Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (noting that the automatic stay does not apply to nondebtor codefendants); *Otoe County Nat. Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883 (10th Cir. 1985) (same); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) (stating that the automatic stay neither applied to nondebtor codefendants nor precluded severance); *In re Kmart Corp.*, 285 B.R. 679, 688-89 (Bankr. N.D. Ill. 2002) (noting that the automatic stay, by its terms, applies only to debtors, not to joint tortfeasors who may be independently liable for third-party claims).

[11]For instance, *Rickard* states that "in order to permit proper vindication of rights, we extend the rule in *Boren* and conclude that NRCP 41(e)'s five-year prescriptive period is tolled for the time that the bankruptcy stay remains in effect." 120 Nev. at 498, 96 P.3d at 747.

unless the federal bankruptcy court, in its discretion, extends the automatic stay to others,[12] or the trial court enters a separate stay that pertains to the entire action.

And since the automatic bankruptcy stay generally applies to actions "against the debtor," not actions *by* a debtor, a plaintiff's filing for bankruptcy protection will not usually implicate the bankruptcy stay.[13] Although Edwards asserts that his business partner's bankruptcy filing should have tolled the NRCP 41(e) five-year period, the bankruptcy stay did not apply with respect to the business partner's status as a plaintiff. Nor does the business partner's status as a counterdefendant render his bankruptcy filing effective to toll the five-year period. First, the counterclaim was dismissed shortly after the bankruptcy proceedings were filed. Second, as discussed above, the business partner's status as a counterdefendant would have resulted only in the automatic stay of the counterclaim against him, not Edwards' action against the remaining defendants.[14]

In sum, the bankruptcy filings at issue in this case tolled the NRCP 41(e) period only as to a single defendant, who was later voluntarily dismissed from the case, and had no impact on the remaining defendants who ultimately obtained the NRCP 41(e) dismissal. Thus, the district court did not err in dismissing Edwards' action based upon his failure to timely prosecute it.

### Final judgment's preclusive effect when judgment is on appeal

In his second appeal, No. 44207, Edwards challenges the district court's orders that dismissed his second case based on claim

---

[12]*See* 11 U.S.C. § 105(a) (2000) (authorizing the bankruptcy court to issue orders "necessary or appropriate" to carry out the Bankruptcy Code's provisions). For example, courts have allowed injunctive relief to protect a nondebtor when necessary or appropriate to protect the debtor's reorganization, to avoid adverse consequences to the debtor, or to preserve property of the estate. *See, e.g., In re Eagle-Picher Industries, Inc.*, 963 F.2d 855 (6th Cir. 1992); *Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir. 1991); *Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61 (2d Cir. 1986); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986).

[13]*See* 11 U.S.C. § 362(a)(1); *Maritime Elec. Co.*, 959 F.2d at 1204-05 (noting that automatic stay applies to actions against the debtor, not actions by the debtor that would inure to the estate's benefit); *Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126 (D.C. Cir. 1989) (same).

[14]*See supra* text accompanying note 10. We note our disagreement with Edwards' contention on appeal that a nonparty's bankruptcy filing also tolled NRCP 41(e)'s five-year period. Not only is Edwards' assertion contrary to his district court position that "the bankruptcy of a nonparty to this case has no bearing on this case whatsoever," the automatic stay associated with a nonparty's bankruptcy filing generally has no impact on the parties to an action. *See* 11 U.S.C. § 362(a)(1) (stating that the automatic stay applies to actions "against the debtor"). Additionally, we conclude that Edwards' other arguments with respect to the tolling of NRCP 41(e) are not persuasive.

preclusion.[15] As Edwards' appeal from the first case's NRCP 41(e) dismissal order was pending at the time his second case was dismissed, this appeal presents us with an opportunity to clarify that a final judgment has preclusive effect, even while on appeal.

### *NRCP 41(e)'s prohibition of a subsequent action after dismissal*

Based on the express language of NRCP 41(e), Edwards' first case, dismissed under that rule, constituted ''a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provide[d].'' Because the district court did not otherwise provide that the first dismissal lacked preclusive effect, Edwards' first case barred any subsequent action seeking the same relief from the same defendants.[16] And though Edwards appealed this dismissal order, we conclude that his appeal did not negate the dismissal order's finality for claim-preclusion purposes.[17]

### *Appeal's lack of effect on finality*

We have never definitively declared whether a final judgment retains its preclusive effect pending appeal or the time allowed for an appeal, an issue of law subject to our plenary review.[18] Nevertheless, we have, in dictum, suggested that an appeal does not affect a final judgment for purposes of claim preclusion.[19] Based upon

---

[15]In the context of his appeal from the final order of dismissal, Edwards also challenges the district court's interlocutory dismissal order, which pertained to most of the defendants. *See Consolidated Generator v. Cummins Engine*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998).

[16]*See Erickson v. One Thirty-Three, Inc.*, 104 Nev. 755, 758, 766 P.2d 898, 900 (1988) (concluding that a mandatory dismissal, with prejudice, should have been granted, so as, to bar a second lawsuit and stating that a dismissal under NRCP 41(e) is res judicata and bars any other suit based on the same claim, unless otherwise provided by the court).

[17]Although we necessarily focus on claim preclusion in this section, we note that the policies underlying claim preclusion apply equally to issue preclusion as well, and that a judgment on appeal retains its preclusive effect for purposes of both claim and issue preclusion.

[18]*See Cimini v. Nevada Ins. Guar. Ass'n*, 112 Nev. 442, 915 P.2d 279 (1996).

[19]*See, e.g., Young v. Brehe*, 19 Nev. 379, 383, 12 P. 564, 566 (1887) (stating, in dictum, that ''the validity of [a district court] judgment is not suspended or affected by a bare appeal'' (citing *Rogers v. Hatch*, 8 Nev. 35 (1872))). *But see Sherman v. Dilley*, 3 Nev. 21, 27 (1867) (stating, in dictum, that ''a verdict and judgment . . . do [not] operate by way of estoppel whilst the case in which they are rendered is pending on appeal''), *questioned in Rogers*, 8 Nev. at 39 (pointing out that the *Sherman* language ''is rather dictum than decision'').

this dictum, the United States District Court for the District of Nevada has interpreted Nevada law to be in accordance with the federal rule that a judgment on appeal is final for claim-preclusion purposes.[20]

Although state courts are in conflict as to whether the pendency of an appeal affects the judgment's finality for purposes of issue and claim preclusion, we conclude that the better reasoned approach, adopted by a majority of courts, is to give a judgment preclusive effect even when it is on appeal or the appeal period is running.[21] Otherwise, a party against whom a judgment is entered could avoid its consequences for a considerable period of time and, in situations such as the one at hand, could engage in protracted litigation and create significant expenses for the other parties.

Additional policy considerations in support of our position have been articulated by the United States Supreme Court. In a 1932 opinion, *Reed v. Allen*,[22] the Court acknowledged that if a judgment did not have preclusive effect simply because it was erroneous or subsequently reversed, then the doctrine of estoppel by judgment, or issue preclusion, would be undercut:

> "The doctrine of estoppel by judgment is founded upon the proposition that all controversies and contentions involved are set at rest by a judgment or decree lawfully rendered which in its terms embodied a settlement of the right of the parties. It would undermine the foundation of the principle upon which it is based if the court might inquire into and revise the reasons which led the court to make the judgment. . . . We are unable to find reason or authority supporting the proposition that because a judgment may have been given for wrong reasons or has been subsequently reversed, that it is any the less effective as an estoppel between the parties while in force."
>
> "It is to be remembered . . . that we are not dealing with the right of the parties to get relief from the original judgment . . . ."

The *Reed* Court went on to point out that "a judgment, not set aside on appeal or otherwise, is equally effective as an estoppel upon the points decided, whether the decision be right or wrong . . . [because] a contrary view would result in creating el-

---

[20]*United States v. United Air Lines, Inc.*, 216 F. Supp. 709, 725 (D. Nev. 1962), *aff'd in relevant part sub nom. United States Airlines, Inc. v. Wiener*, 335 F.2d 379, 404-05 (9th Cir. 1964).

[21]*See generally* E. H. Schopler, Annotation, *Judgment as Res Judicata Pending Appeal or Motion for a New Trial, or During the Time Allowed Therefor*, 9 A.L.R.2d 984, § 2 (1950 & Supp. 2007).

[22]286 U.S. 191, 199-200 (1932) (quoting *Deposit Bank v. Frankfort*, 191 U.S. 499, 510-11, 512 (1903)).

ements of uncertainty and confusion and [undermine] the conclusive character of judgments, consequences which it was the very purpose of the doctrine of *res judicata* to avert.''[23]

We agree that the purpose of claim preclusion would be compromised if a judgment, subject to an appeal, lost its preclusive effect. Any errors in a judgment are best addressed in the context of an appeal, during which the judgment can be carefully considered. And judicial efficiency would be jeopardized by a rule allowing any number of actions raising the same claims against the same parties to proceed and, ultimately, to be each challenged by way of an appeal.

In line with our conclusion, the *R*estatement (Second) of Judgments considers the better view to be ''that a judgment otherwise final remains so despite the taking of an appeal.''[24] The Restatement further recognizes that the trial court in the second action has discretion in proper circumstances to suspend proceedings and wait for the completion of the appeal in the first action.[25] Thus, if unusual circumstances are present and suggest that complete relief will not be obtained by a reversal on appeal, the second action may be stayed.

Although a judgment maintains its preclusive effect while on appeal, we note that the party challenging the judgment, may, if appropriate, seek to have the judgment stayed pending appeal.[26] A stay will protect the appellant from the judgment's immediate consequences while the reviewing court determines whether reversible error occurred. A stay will not, however, alter the judgment's preclusive effect.[27]

*Second action stating the same claims for relief against the same defendants*

Under NRCP 41(e), the district court's dismissal of Edwards' first action barred any other action by Edwards, if based upon the same claims for relief against the same defendants.[28] Edwards' own complaint and arguments demonstrate that his second action, in

---

[23]*Id.* at 201 (citations omitted).

[24]Restatement (Second) of Judgments § 13 cmt. f (1982).

[25]*Id.*

[26]NRAP 8; NRCP 62.

[27]*See, e.g.,* Restatement (Second) of Judgments § 13 cmt. f (1982).

[28]*See also Executive Mgmt. v. Ticor Title Ins. Co.*, 114 Nev. 823, 834-35, 963 P.2d 465, 473 (1998) (noting that the doctrine of res judicata, or claim preclusion, bars a subsequent action involving the same claims and parties).

2004, was based on the same claims as his original, 1998 case and that Edwards was merely seeking to relitigate that action. As the district court found, Edwards' 2004 complaint named six of the eleven defendants from his first case, involved the same claims for relief, and arose from the same facts and circumstances. Although the 2004 complaint added a claim for breach of the implied covenant of good faith and fair dealing, the district court found that the claim arose out of the same facts and duplicated the other causes of action from Edwards' 1998 complaint, such as intentional misrepresentation, knowing concealment of material facts, knowingly making false promises, breach of contract, negligence, violations of Nevada real estate statutes, and abuse of legal process and malicious prosecution.

The district court correctly ruled that Edwards' mere addition of a single cause of action did not change the nature of his second action. This court has set forth a four-part test for determining claim preclusion: (1) whether the parties are the same, (2) whether the first and second complaint are based on the same set of common facts, (3) whether the same relief is sought in the two complaints, and (4) whether an identity of causes of action exists between the two complaints.[29] In analyzing the fourth factor, pertaining to similarity of causes of action, this court has stated that causes of action in two complaints are sufficiently alike if they seek to invoke the same right, allege the same wrong, and plead the same damage.[30] Here, Edwards' second complaint mirrors his first complaint with respect to the rights on which it is based, the wrongs asserted to have occurred, and the damages sought. We therefore conclude that the district court properly determined that the second complaint was barred under NRCP 41(e)'s claim-preclusion provision, as it was based upon the same claims for relief and was brought against the same defendants.

*Attorney fees and costs award*

In the second action, the district court granted defendant Mary Gilanfarr attorney fees and costs based upon her $10 offer of judgment, which was rejected. The district court's order granted Gilanfarr $481.50 in attorney fees and $71.54 in costs for a total of $553.04.

Although Edwards designates this order in his notice of appeal, he does not challenge the amount or reasonableness of the award in

---

[29]*Zalk-Josephs Co. v. Wells Cargo, Inc.*, 81 Nev. 163, 167, 400 P.2d 621, 623 (1965).

[30]*Id.* at 167-68, 400 P.2d at 623.

his proper person appeal statement. Consequently, we necessarily affirm the district court's order.[31]

## CONCLUSION

With regard to the tolling of NRCP 41(e)'s prescriptive period during a bankruptcy automatic stay, a defendant's bankruptcy filing generally invokes the automatic stay with respect to proceedings against that defendant only. Thus, an action can proceed against nondebtor codefendants, and NRCP 41(e)'s five-year rule continues to run with respect to those codefendants unless the trial court enters a separate stay of the action. And since the automatic bankruptcy stay generally applies to actions "against the debtor," not actions *by* a debtor, a plaintiff's filing for bankruptcy protection usually will not implicate the bankruptcy stay or toll the NRCP 41(e) period.

In this case, the bankruptcy filings did not toll the five-year rule with respect to the remaining defendants. And, although the district court mistakenly stayed the trial proceedings for a time before rescinding its orders, Edwards did not move for a trial setting or to set aside the stay. Under these circumstances, the district court's rescinded stay did not toll the NRCP 41(e) five-year period. Consequently, the district court properly dismissed Edwards' first action against the remaining defendants. We affirm the dismissal order in Docket No. 43166.

The district court also properly dismissed Edwards' second action, which was barred by NRCP 41(e)'s claim-preclusion provision. Edwards' appeal from the NRCP 41(e) dismissal order did not impact that order's preclusive effect, and Edwards' second action asserted the same claims for relief against the same defendants. We therefore affirm the district court's order dismissing Edwards' second action in Docket No. 44207, as well as the attorney fees award to Gilanfarr.

---

[31]*See, e.g., Southern Nev. Homebuilders v. N. Las Vegas*, 112 Nev. 297, 304, 913 P.2d 1276, 1280 (1996) (noting that this court need not consider alleged error when arguments are not supported by any pertinent legal authority). In this case, appellant does not even offer any arguments (much less legal authority) regarding the attorney fee award's invalidity; he merely takes issue with Gilanfarr's dismissal.