An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARY CORRINE MAGUIRE,
Appellant,
vs.
MTC FINANCIAL INC. D/B/A
TRUSTEE CORPS; AND VERISE
CAMPBELL,
Respondents.

No. 60946

FILED

MAY 1 5 2013



TRAGIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing appellant's complaint in a real property action. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant filed a district court complaint seeking to quiet title in real property. Her complaint alleged slander of title and sought cancellation of a notice of default, foreclosure certificate, and notice of sale. Although the previous owner of the property obtained a default judgment in an earlier action to quiet title to the property, that judgment was set aside on a motion for NRCP 60(b) relief and the defendants in the earlier action ultimately prevailed, thus resolving the issue concerning the previous owner's title to the property.

In the underlying action, appellant filed a motion for summary judgment, arguing that she had obtained title to the property free and clear of other encumbrances because the previous owner's default judgment was effective when the property was transferred to her.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14428

Respondents moved the district court to dismiss. The district court denied appellant's motion for summary judgment, and granted respondents' motions to dismiss, concluding, among other things, that respondent Verise Campbell, Deputy Director of the Nevada Foreclosure Mediation Program, was immune from civil liability and that appellant's claims against respondent MTC Financial Inc., were barred by claim preclusion in light of the earlier unsuccessful quiet title action involving the previous owner. This court reviews the district court's dismissal of a complaint de novo, accepting appellant's factual allegations as true and drawing all factual conclusions in favor of appellants. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008).

Appellant first argues that the underlying case should have been stayed pending resolution of her Chapter 7 bankruptcy and that the order that ultimately resulted in the dismissal of her action was void ab initio because it was entered after she notified the court of the pending Chapter 7 bankruptcy petition. The automatic bankruptcy stay applies to judicial action against a debtor, not to actions by a debtor. 11 U.S.C. § 362(a)(1) (2008); *White v. City of Santee (In re White)*, 186 B.R. 700, 703-04 (B.A.P. 9th Cir. 1995); *Edwards v. Ghandour*, 123 Nev. 105, 111, 159 P.3d 1086, 1090 (2007), *abrogated on other grounds by Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1053-54, 194 P.3d 709, 712-13 (2008). Here, appellant initiated the action against respondents and the bankruptcy stay provision does not apply.

Appellant next argues that a default judgment quieting title in the previous owner of the property was effective at the time when appellant acquired the property, rendering her claim to the property

SUPREME COURT
OF
NEVADA

(O) 1947A

superior to all others. The default judgment in that case was set aside under NRCP 60(b)(1), however, and we affirmed the subsequent award of summary judgment against the previous owner of the property and in favor of the holder of the promissory note and the holder of the deed of trust. *See Thomas v. BAC Home Loans Servicing, LP*, Docket No. 56587 (Order of Affirmance, December 20, 2011). "When a judgment has been set aside pursuant to Rule 60(b), the case stands as if that judgment had never occurred in the first place." *Ditto v. McCurdy*, 510 F.3d 1070, 1077 (9th Cir. 2007). Thus, in this case, we cannot discern any impediment generated by the set-aside default judgment to a notice of default being recorded against the property, and appellant makes no other cogent argument regarding why her interest in the property is not subject to the deed of trust at issue. Similarly, after the Foreclosure Mediation Program (FMP) issued the foreclosure certificate, a notice of sale could be recorded. Therefore, having considered the parties' arguments and the appendices, we conclude that the district court properly granted MTC Financial Inc.'s motion to dismiss.

Concerning respondent Verise Campbell, appellant cancelled her request for mediation believing that she had superior title to the property by virtue of the vacated default judgment. Because appellant cancelled mediation, the FMP issued a foreclosure certificate. NRS 107.086(3), (6); *see* FMR 8(4). The FMP does not have an independent duty to undertake an analysis of the merits of appellant's claims regarding the vacated default judgment. Issuing the foreclosure certificate was required by NRS 107.086(3) and FMR 8(4) once appellant cancelled

SUPREME COURT
OF
NEVADA

(O) 1947A

3

mediation. Therefore, we conclude that the district court properly granted Verise Campbell's motion to dismiss.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                                Saitta


cc:    Hon. Patrick Flanagan, District Judge
       Terry J. Thomas
       Robison Belaustegui Sharp & Low
       Richard J. Reynolds
       Fennemore Craig Jones Vargas/Las Vegas
       Washoe District Court Clerk

---

[1]Appellant argues for the first time on appeal that she was denied the opportunity to file a peremptory challenge against Judge Flanagan. Because appellant did not raise this concern at any point in the district court, it is not proper for consideration on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). We decline to address appellant's other arguments on appeal because she failed to provide any cogent argument or relevant citations to authority in her appellate briefs. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

SUPREME COURT
OF
NEVADA

(O) 1947A