An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREG LANDERS, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,
Appellant,
vs.
QUALITY COMMUNICATIONS, INC.,
Respondent.

No. 62181

**FILED**

JUL 30 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment on the grounds that the plaintiff failed to exhaust his administrative remedies with the Labor Commissioner. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Appellant Gregory Landers was an employee of Quality Communications, Inc. (Quality) and alleges that Quality failed to pay him earned overtime and regular wages. Landers initially filed a complaint in federal court alleging violations of the Fair Labor Standards Act (FLSA). Landers then filed the instant complaint against Quality in state district court alleging violations of various state labor laws under NRS Chapter 608.

Quality filed a motion to dismiss, or alternatively, for summary judgment, arguing that Landers' complaint was barred by claim preclusion and, at the district court's prompting, that Landers failed to exhaust his administrative remedies when he failed to first submit his claim to the Nevada Labor Commissioner. The district court granted summary judgment in favor of Quality, finding that Nevada labor law required Landers to exhaust his wage claim with the Labor Commissioner before bringing suit in district court. The district court further held that

14-24834

Landers' failure to exhaust his administrative remedies rendered his claim nonjusticiable, meaning the court lacked subject matter jurisdiction over his claims. Landers appeals.

*Landers' complaint is barred by claim preclusion because he could have raised his state law claims in the federal complaint, and the federal court's dismissal was a valid final judgment*

The parties primarily argue whether the district court properly granted summary judgment based on Landers' failure to exhaust his administrative remedies under NRS Chapter 608. However, we do not need to reach this issue because Landers' underlying complaint is barred by claim preclusion.[1]

Quality argues that Landers' claims are barred by claim preclusion based on the federal district court judgment that dismissed his federal complaint for failure to state a claim. We agree.[2]

Claim preclusion applies when (1) the parties or their privies are the same, (2) there is a valid final judgment, and (3) the subsequent action involves the same claims that were or could have been brought in

---

[1]If we were to agree with the district court that Landers was required to exhaust his administrative remedies with the Labor Commission—at best a close question—we are concerned that the appropriate judicial response would be dismissal without prejudice while the parties pursue their administrative remedies, not summary judgment, assuming Landers still had time to take advantage of any available administrative remedies. In light of our conclusion on the claim preclusion issue, we need not resolve this issue.

[2]We have authority to consider the claim preclusion argument Quality made to the district court and may affirm a district court order when the district court "reached the correct result, albeit for different reasons." *Ford v. Showboat Operating Co.*, 110 Nev. 752, 756, 877 P.2d 546, 549 (1994) (internal quotations omitted)).

the prior action. *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1245 (9th Cir. 2013); *accord Five Star Capital Corp. v. Ruby* 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008). Landers argues that the second and third elements are not met.[3]

*The federal district court dismissal was a valid final judgment*

Landers argues that the federal district court judgment cannot be given preclusive effect under Nevada law because the federal court's ruling was based on the federal *Twombly-Iqbal* "plausibility" pleading standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Landers notes that Nevada has not adopted *Twombly* but instead uses the pleading standard set forth in *Washoe Medical Center, Inc. v. Reliance Insurance Company*, 112 Nev. 494, 496, 915 P.2d 288, 289 (1996) ("'The complaint cannot be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts which, if accepted by the trier of fact, would entitle him to relief.'") (quoting *Edgar v. Wagner*, 101 Nev. 226, 228, 699 P.2d 110, 112 (1985)). Thus, Landers argues that his state law complaint would not need to meet the *Twombly* standard used to dismiss his federal complaint, and therefore, the federal dismissal cannot be given preclusive effect. We disagree.[4]

---

[3]It is clear that the parties are the same under both complaints. Thus, the first element of claim preclusion is met. *See Herb Reed Enters.*, 736 F.3d at 1245.

[4]We acknowledge that Landers has appealed the federal district court's dismissal, but the order of dismissal maintains its preclusive effect. *See Edwards v. Ghandour*, 123 Nev. 105, 117, 159 P.3d 1086, 1094 (2007),

*continued on next page . . .*

Under federal claim preclusion law, "'unless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under [FRCP] 19, operates as an adjudication upon the merits.'"[5] *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting FRCP 41(b)). Based on that rule, the *Stewart* court concluded that "a dismissal for failure to state a claim under [FRCP] 12(b)(6) is a 'judgment on the merits' to which [claim preclusion] applies." *Id.* at 957 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under [FRCP] 12(b)(6) is a judgment on the merits.") (internal quotations omitted). Thus, we conclude that the federal district court's order dismissing Landers' original complaint for failure to state a claim under FRCP 12(b)(6) was a valid final judgment on the merits.

*This underlying complaint was based on the same claims that could have been brought in the prior federal district court action*

The final factor for claim preclusion is whether the later action is based on the same claims that were or could have been brought in the previous action. *Herb Reed Enters.*, 736 F.3d at 1245. Landers argues that this action involves class action claims under state law that could not

---

. . . *continued*

disagreed with on other grounds in *Five Star*, 124 Nev. at 1053-54, 194 P.3d at 712-13.

[5]Similarly, under Nevada law, a dismissal can be an adjudication on the merits that carries preclusive effect. *Five Star*, 124 Nev. at 1054 n.27, 194 P.3d at 713 n.27.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

have been asserted in its federal complaint, and therefore claim preclusion does not apply. Landers contends that federal courts have declined to exercise supplemental jurisdiction over pendent NRS Chapter 608 class action claims and, as a result, the federal courts have severed and remanded such NRS Chapter 608 class action claims to state court. Landers argues that federal courts have done so based on the belief that the opt-out process under FRCP 23 and the opt-in process under the FLSA were incompatible. *See* 29 U.S.C. § 216(b) (2012). Thus, Landers asserts that due to "this prior determination of the federal district court, Landers was required to pursue separate state and federal actions if he wished to secure all of the relief available to him under the FLSA and Nevada law."

Until recently, the issue of whether a plaintiff can simultaneously maintain an opt-out class action claim based on state law with an opt-in FLSA action had been largely unsettled within federal courts. *See Williams v. Trendwest Resorts, Inc.*, 2007 WL 2429149, at *3-4 (D. Nev. Aug. 20, 2007) (acknowledging that courts have been split, but ultimately finding the class action mechanisms of the FLSA and FRCP 23 are "incompatible"). *But see Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 471-73 (E.D. Cal. 2010) (summarizing cases on both sides of the issue, and ruling that federal courts can consider both claims in the same case). However, the United States Court of Appeals for the Ninth Circuit recently ruled that FLSA collective actions and state law class actions "can peacefully coexist." *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528 (9th Cir. 2013) (noting that all federal circuit courts to consider the issue have held that the different mechanisms for opting in or out "do not require dismissal of the state claims"), *cert. granted,* 134 S. Ct. 1490 (2014).

SUPREME COURT
OF
NEVADA

(O) 1947A

In light of *Busk*, we conclude that Landers could have asserted his NRS Chapter 608 claims in the original federal complaint. Accordingly, this element of claim preclusion is satisfied. *See also* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 4412, at 289 n.19 (2d ed. 2002) (summarizing cases concluding that if a plaintiff who files a federal complaint is unsure whether the federal court will exercise supplemental jurisdiction over state law claims, the plaintiff should nonetheless invoke the federal court's supplemental jurisdiction and assert the state law-based causes of action to escape claim preclusion if the federal claims fail).

Therefore, all elements of claim preclusion are satisfied, and the doctrine bars Landers' complaint. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc: Hon. Rob Bare, District Judge
Janet Trost, Settlement Judge
Gabroy Law Offices
Leon Greenberg Professional Corporation
Lionel Sawyer & Collins/Las Vegas
Eighth District Court Clerk