# IN THE SUPREME COURT OF THE STATE OF NEVADA

WARREN HAVENS, AN INDIVIDUAL,
Appellant,
vs.
THOMAS K. KURIAN, AN
INDIVIDUAL; VEGAS WIRELESS, LLC,
A NEVADA LIMITED LIABILITY
COMPANY; AMERICAN WIRELESS,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; RF DATA, INC., A
DISSOLVED NEVADA CORPORATION,
AND ENVIRONMENTEL, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY, F/K/A AMTS
CONSORTIUM, LLC,
Respondents.

No. 83196

FILED

DEC 13 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a special order after a final judgment in a contract action. Respondent Environmentel, LLC,[1] has filed a motion to dismiss this appeal for lack of jurisdiction, arguing that appellant failed to timely appeal. Appellant opposes the motion, and respondent Environmental has filed a reply. Respondents Thomas K. Kurian, Vegas Wireless LLC, American Wireless, LLC, and RF Data, Inc., have joined in the motion and reply.

---

[1]Although Environmentel initially was not designated as a respondent in this appeal, Susan L. Uecker, as receiver for Environmentel, has made a notice of appearance. We direct the clerk of this court to add Environmental as a respondent to this appeal with Samuel A. Schwartz and Schwartz Law, PLLC, as its counsel of record. The clerk shall also amend the caption to conform to the caption on this order.

21-35371

This court has limited jurisdiction and may only consider appeals as authorized by statute or court rule. *Brown v. MHC Stagecoach*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013). "[T]he burden rests squarely upon the shoulders of a party seeking to invoke our jurisdiction to establish, to our satisfaction, that this court does in fact have jurisdiction." *Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001).

An untimely notice of appeal does not vest jurisdiction in this court. *Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987). NRAP 4(a)(1) generally requires a party to file a notice of appeal "no later than 30 days after the date that written notice of entry of the judgment or order appealed from is served," but also recognizes that "[i]f an applicable statute provides that a notice of appeal must be filed within a different time period, the notice of appeal . . . must be filed within the time period established by the statute."

Here, written notice of the district court's order was served on appellant on December 23, 2020, at the latest.[2] On or about January 5, 2021, before the deadline for filing his appeal had passed, appellant, as a petitioning creditor, filed an involuntary bankruptcy petition in the United States Bankruptcy Court for the District of Columbia against an alleged debtor named "Skybridge"—an entity that was not a party in the underlying district court action. *See In re Skybridge Spectrum Foundation*, No. 21-00005-ELG, 2021 WL 2326595, at *1 (D.C. Bankr. June 3, 2021). Skybridge was the only alleged debtor that appellant named in his petition. *See id.* No summons was issued, requested, or served in the bankruptcy proceeding on any of the parties involved in the underlying district court action. *See*

---

[2]The district court's December 23, 2020, order clarified an order that was filed on December 14, 2020.

*id.* Thus, the bankruptcy court found, although appellant presented a "moving target as to the complete identity of the [a]lleged [d]ebtor," Skybridge was the sole alleged debtor in the proceeding. *See id.* at *1, 3-4. As the court further reasoned, an involuntarily petition may not be filed against multiple debtors. *See id.* at *12-13.

On June 3, 2021, the bankruptcy court dismissed appellant's petition. *See id.* at *16-17. On July 6, 2021, appellant filed his notice of appeal from the district court's December 23, 2020, order in the underlying action. Appellant argues that the deadline for him to appeal was tolled during the pendency of his bankruptcy petition and that he timely appealed following the dismissal of the petition. We disagree.

Under 11 U.S.C. § 362(a), "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of— (1) the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor." 11 U.S.C. § 108(c), in turn, provides that when state law fixes a period of time for continuing a civil action against a debtor, and that period of time has not expired when the debtor files his or her bankruptcy petition, the time for resuming such an action expires at the later of the end of the period set by law or "30 days after notice of the termination or expiration of the stay."

As we explained in *Edwards v. Ghandour*, however, "the tolling effect of the automatic stay applies only to the particular defendant who is engaged in the bankruptcy proceedings, since the automatic stay applies only to actions against the debtor defendant, not nondebtor codefendants." 123 Nev. 105, 108, 159 P.3d 1086, 1088 (2007), *abrogated on other grounds by Five Star Cap. Corp. v. Ruby*, 124 Nev. 1048, 194 P.3d 709 (2008). Stated another way, the stay "pertains only to actions against the debtor

defendant." *Id.* at 113 & n.10, 159 P.3d at 1091 & n.10 (citing *Patton v. Bearden*, 8 F.3d 343, 348-49 (6th Cir. 1993) (holding that a partnership's bankruptcy did not stay action against nondebtor partners); *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1992) (stating that automatic stay is not available to nondebtor codefendants, even if they share a similar legal or factual nexus with the debtor); *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121-22 (4th Cir. 1988) (stating that automatic stay did not apply to action against nondebtor guarantor of debtor's obligation); *Ingersoll–Rand Financial Corp. v. Miller Min. Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987) (holding that while debtor's appeal was stayed, nondebtor guarantor's appeal was not); *Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986) (noting that the automatic stay does not apply to nondebtor codefendants); *Otoe County Nat. Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883 (10th Cir. 1985) (same); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) (same); *In re Kmart Corp.*, 285 B.R. 679, 688-89 (Bankr. N.D. Ill. 2002) (noting that the automatic stay, by its terms, applies only to the debtor, not to joint tortfeasors who may be independently liable for third-party claims)). In short, "the automatic stay in no way impedes" an action against nondebtors. *See id.* at 113, 159 P.3d at 1091-92.

Here, the parties in the underlying district court action were not debtor defendants in appellant's bankruptcy petition. Rather, only Skybridge, a third-party to the underlying action, was the debtor defendant in the bankruptcy proceeding. Although appellant has suggested that some of the parties in the underlying district court action (or entities affiliated with such parties) were part of an alleged joint venture with Skybridge, this is insufficient to trigger the automatic stay as to such parties. *See Edwards,*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

123 Nev. at 113 & n.10, 159 P.3d at 1091 & n.10. Thus, appellant was in no way impeded from timely filing his notice of appeal in the underlying action. As appellant failed to timely appeal, we conclude that this court lacks jurisdiction and, therefore, we

ORDER this appeal DISMISSED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Nadia Krall, District Judge
Warren Havens
E. Brent Bryson, P.C.
Schwartz Law, PLLC
Eighth District Court Clerk