# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1157

_____

William Irving,                                                           *
                                                                          *
                    Appellant,                                            *
                                                                          *
        v.                                                               *
                                                                          *
Dave Dormire; Campbell, Previously        *
named as Cambell, Captain-JCCC;           *
Daniel Kempker, Functional Unit           *
Manager-JCCC; Ed Rupple, Case-            *     Appeal from the United States
worker-JCCC; Nina Branson; Raina          *     District Court for the
Martin, previously named as Baina         *     Western District of Missouri.
Morgan, Caseworker-JCCC; Warren           *
Cressey, previously named as Crissey,     *
CO1-JCCC; Thomas Brigance,                *
previously named as Birdgance, CO1-       *
JCCC; Sgt. Blount, JCCC; Lt. King,        *
JCCC; Ronetta Hyer, Correctional          *
Officer-JCCC; Leonard Neff, previously*
named as Neef, Correctional Officer-      *
JCCC; Hudson, Correctional Officer-       *
JCCC; Martin; Gregory Patrick; Ms.        *
Ortbal; - Petis; Dittman; Jay Cassady;    *
Gene James; Webster; - Murphy; R.         *
Corser; - Thomas; Debra Reed;             *
Gregory Patrick,                          *
                                          *
                    Appellees.            *

_____

Submitted: September 21, 2009
Filed: October 19, 2009
_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

William Irving, an inmate in the Missouri penal system, filed suit under 42 U.S.C. § 1983 against Daniel Kempler, Nina Branson, Ed Rupple and Raina Martin, employees of the Jefferson City Correctional Center.[1] Irving claims that the defendants denied him access to his legal papers, causing his petition for habeas corpus to be untimely. The district court[2] granted summary judgment in favor of the defendants. We affirm.

I.

In 1998, Irving was convicted of first degree murder and armed criminal action. He was sentenced to life imprisonment without the possibility of parole. The Missouri Court of Appeals affirmed Irving's conviction, and he was subsequently denied state post-conviction relief. On October 5, 2004, Irving was transferred to the Jefferson City Correctional Center. Once there, he requested his legal papers from the defendants for the purposes of filing a federal habeas corpus petition. Irving testified that the defendants were aware that the deadline for his habeas petition was

---

[1]The other individuals named as appellees in the caption are not involved in this appeal.

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

approaching and that they told him to submit a written request to the property room. According to Irving, the property room personnel referred him back to the defendants, who eventually provided him with his legal papers. On November 17, 2004, Irving filed his petition for habeas corpus relief, which the district court (the habeas court)[3] dismissed as time-barred.

Irving filed a motion to vacate the habeas judgment and stay the action, which the defendant in the habeas action, Dave Dormire, Superintendent of the Jefferson City Correctional Center, opposed. In response to Dormire's motion in opposition, Irving claimed that he "was purposely denied access to all his legal work/material which were 'necessary' to file to timely file [sic] his habeas corpus petition." S.A. 239-40. The habeas court construed Irving's motion as a Rule 60(b) motion and denied it without specifically addressing Irving's denial of access claim. Irving did not seek a certificate of appealability.

Irving filed this action on December 9, 2004. The district court granted summary judgment for the defendants, concluding that Irving's denial of access claim was barred by res judicata.[4] The district court explained that Irving had had the opportunity in his habeas proceeding to raise the denial of access claim as a state-created impediment to the timely filing of his petition. The district court denied Irving's Rule 59(e) motion to alter or amend judgment that sought reconsideration of the denial of access claim. Irving now appeals, seeking remand for a declaratory judgment on his denial of access claim.

---

[3]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

[4]Irving brought a variety of other claims against other defendants and we have previously ruled on the appeal of denial of qualified immunity. See Irving v. Dormire, 519 F.3d 441, 451 (8th Cir. 2008) (appeal from denial of qualified immunity).

## II.

We review a district court's grant of summary judgment *de novo*, construing the record in the light most favorable to the nonmoving party. Johnson v. AT & T Corp., 422 F.3d 756, 760 (8th Cir. 2005). "Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Thomas v. Union Pac. R.R. Co., 308 F.3d 891, 893 (8th Cir. 2002). "We may affirm the district court on any basis supported by the record." Id.

### A. Res Judicata

Res judicata does not bar Irving's denial of access claim, because the defendant in the habeas action was different from the defendants in the present action. For a prior lawsuit to bar a claim, res judicata requires that both suits involve the same parties or those in privity with the same parties. Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998). This element cannot be established because there was no privity between habeas defendant Dormire and the present defendants. In the habeas action, Irving sued Dormire in his official capacity. The defendants, however, were sued in their personal capacity. "[L]itigation involving officials in their official capacity does not preclude relitigation in their personal capacity." Headley v. Bacon, 828 F.2d 1272, 1279 (8th Cir. 1987); see also Howell Hydrocarbons, Inc. v. Adams, 897 F.2d 183, 188 (5th Cir. 1990) ("Res judicata does not apply when the parties appear in one action in a representative capacity and in a subsequent action in an individual capacity."); Conner v. Reinhard, 847 F.2d 384, 395 (7th Cir. 1988) (holding that a prior suit against a municipality does not bar a subsequent suit against officials in their individual capacity because official capacity and personal capacity suits involve different legal theories and defenses). Because res judicata would not protect Dormire from being sued in his individual capacity, it does not protect other prison employees from being sued in their individual capacities.

## B. Collateral Estoppel

We conclude that collateral estoppel bars Irving's suit against the defendants. Collateral estoppel is appropriate when:

> (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.

Ripplin Shoals Land Co. v. U.S. Army Corps of Eng'rs, 440 F.3d 1038, 1044 (8th Cir. 2006) (citing Wellons, Inc. v. T.E. Ibberson Co., 869 F.2d 1166, 1168 (8th Cir. 1989)). The preclusion principle embodied in the doctrine of collateral estoppel is based upon the need to conserve judicial resources and prevent inconsistent decisions. See Simmons v. O'Brien, 77 F.3d 1093, 1095 (8th Cir. 1996) ("This preclusion principle is rooted in concerns of judicial economy."); Robbins v. Clarke, 946 F.2d 1331, 1334 (8th Cir. 1991) (noting that issue preclusion is appropriate where the claim is "simply the same claim repackaged"). Irving argues that the issue was not previously decided and that he was not given a full and fair opportunity to be heard.

### 1. Previously Decided

For collateral estoppel to preclude an issue, the issue must be identical to the issue previously decided. The party seeking collateral estoppel has the burden "to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." Dowling v. United States, 493 U.S. 342, 350 (1990). "[W]e must examine the record of the prior proceeding, including the pleadings and evidence, keeping in mind that the party asserting the preclusion bears the burden of

showing 'with clarity and certainty what was determined by the prior judgment.'" Wellons, 869 F.2d at 1170 (citation omitted) (quoting Jones v. City of Alton, Ill., 757 F.2d 878, 885 (7th Cir. 1985)). The doctrine of collateral estoppel applies to matters necessarily decided in the former judgment even if there is no specific finding or reference thereto." Nelson v. Swing-A-Way Mfg. Co., 266 F.2d 184, 187 (8th Cir. 1959).

Irving's Rule 60(b) motion argued that his habeas petition was not timely because the defendants denied him access to his legal materials. An impediment created by illegal state action tolls the statute of limitations. See 28 U.S.C. § 2244(d)(1) (providing that the limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"). Inmates have a constitutional right of meaningful access to the courts and the legal system. Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 821, 823 (1977). Thus, by denying the Rule 60(b) motion in the face of Irving's denial of access claim, the habeas court necessarily decided that Irving was not illegally denied access to his legal materials, for a contrary finding would have resulted in a holding that the habeas petition was not untimely filed.

## 2. Full and Fair Opportunity

The party to be estopped must have had a full and fair opportunity to be heard on the issue in the prior action. The Supreme Court has held that "[r]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." Montana v. United States, 440 U.S. 147, 164 n.11 (1979). To satisfy the full and fair opportunity to litigate element, the issue must have been raised in the prior proceeding and "necessarily determined on the merits." Simmons, 77 F.3d at 1097 n.4. The party must have the opportunity to

litigate the issue; issue preclusion will apply even if the party does not take advantage of that opportunity.  Id.

Irving had a full and fair opportunity to litigate the issue in the prior case.   He could have appealed the habeas decision and raised his denial of access claim therein. Having failed to do so, he is barred by collateral estoppel from raising that claim in this action.

The judgment is affirmed.

_____