# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-2441

_____

| | | |
|---|---|---|
| Gerard J. Keating, individually and on behalf of all persons similarly situated; Janet A. Keating, individually and on behalf of all persons similarly situated, | * * * * * | |
| Plaintiffs-Appellants, | * * | |
| Frank R. Krejci, individually and on behalf of all persons similarly situated; Jane Krejci, individually and on behalf of all persons similarly situated; Timothy Peterson, individually and on behalf of all persons similarly situated; Linda Peterson, individually and on behalf of all persons similarly situated, | * * * * * * * * | Appeal from the United States District Court for the District of Nebraska. |
| Plaintiffs, | * * | |
| Daryl Butterfield, individually and on behalf of all persons similarly situated; Makala Butterfield, individually and on behalf of all persons similarly situated, | * * * * * | |
| Plaintiff-Appellants, | * * | |
| v. | * * | |
| Nebraska Public Power District, in their official capacities; Nebraska Department of Natural Resources, in their official capacities; | * * * * | |

Dennis L. Rasmussen, in their official     *
capacities; Mary A. Harding, in their     *
official capacities; Ronald W. Larsen,     *
in their official capacities; Larry A.     *
Linstrom, in their official capacities;     *
Darrell J. Nelson, in their official     *
capacities; Edward J. Schrock, in their     *
official capacities; Ken L. Schmieding,     *
in their official capacities; Gary G.     *
Thompson, in their official capacities;     *
Larry G. Kuncl, in their official     *
capacities; Virgil L. Froehlich, in their     *
official capacities; Wayne E. Boyd, in     *
their official capacities; Ann Saloman     *
Bleed, in their official capacities;     *
Brian Dunnigan, in their official     *
capacities; Does, 1-100,     *
    *
        Defendants-Appellees.     *
    *
------------------------------     *
    *
State of Colorado, State of Montana;     *
State of Nevada; State of New Mexico;     *
State of North Dakota; State of     *
Wyoming; State of South Dakota,     *
    *
        Amici on Behalf of     *
        Appellees.     *

_____

Submitted: March 17, 2011
Filed: November 7, 2011

_____

Before SMITH, BRIGHT, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Several Nebraska farmers filed suit under 42 U.S.C. § 1983, alleging their due process rights were violated when Nebraska officials ordered the farmers to cease drawing water from the Niobrara Watershed without providing a predeprivation hearing. We reversed the district court's prior dismissal and remanded the matter to the court with specific instructions. On remand, the district court[1] determined that there was no deprivation of a property right and entered summary judgment in favor of appellees. The district court also declined to exercise jurisdiction over pendent state law claims, dismissing those claims without prejudice. We agree with the district court's determination and affirm its thorough and well-reasoned decision.

I.

A more extensive explanation of the factual background of this case is available in our prior opinion, see Keating v. Neb. Pub. Power Dist., 562 F.3d 923, 925-926 (8th Cir. 2009), thus we will provide only an abbreviated factual background here. Due to a decrease in water levels in the Niobrara Watershed, in 2006 the Nebraska Public Power District (NPPD) requested that the Nebraska Department of Natural Resources (DNR) issue Closing Notices to hundreds of farmers and ranchers who held surface water appropriation permits that were junior to those permits held by NPPD. In the summer of 2007, the DNR issued such Closing Notices to junior permit holders without providing them notice or a hearing prior to the issuance of the Closing Notices. The appellants filed suit, arguing that the Closing Notices effected a property deprivation, and accordingly they were entitled to the procedural due process protections of a predeprivation hearing. The district court dismissed the suit, holding that the claim was not ripe and that appellants had not exhausted administrative remedies prior to filing the complaint.

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

-3-

We reversed the district court's dismissal and remanded the matter to the district court. We directed the district court on remand to determine (1) whether a deprivation of a property right had occurred, (2) if a deprivation had occurred, whether the deprivation was subject to an exception to the requirement that a predeprivation process be provided, and (3) if the deprivation was not subject to such an exception, whether the DNR's declaratory order procedures were constitutionally adequate predeprivation procedures. Keating, 562 F.3d at 930.

On remand, the district court directed the parties to file cross motions for summary judgment and held a hearing on the motions. The court determined that although the appellants held a property right that entitled them to use the surface waters of the Niobrara River, that right was qualified and subject to the DNR's administration of the appropriation system. Also, the district court held that the DNR's administration of the system did not cause the appellants to suffer a deprivation of their property rights. Accordingly, the district court granted summary judgment in favor of the appellees.

In this second appeal, the appellants argue they are entitled to a predeprivation hearing prior to the DNR conducting its administration of the Niobrara Watershed and issuing Closing Notices. Specifically, appellants seek a predeprivation hearing to challenge the validity of the NPPD's permits on the grounds that the NPPD was not beneficially using its appropriation to produce power and to challenge the DNR's determination of water scarcity.

II.

We review the district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party. See Irving v. Dormire, 586 F.3d 645, 647 (8th Cir. 2009). We will affirm the grant of summary judgment if

-4-

"there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under the Fourteenth Amendment, "[n]o State shall . . . deprive any person of . . . property, without due process of law . . . ." In addressing a procedural due process question, a court must first determine whether state action has deprived an individual of a protected property interest, and only after finding such a deprivation does the court consider whether available procedures for challenging the deprivation satisfy the requirements of due process. Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982). The Supreme Court "usually has held that the Constitution requires some kind of hearing before the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990).

"'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005) (quoting Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)). "Such entitlements are, 'of course, . . . not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" Id. (quoting Paul v. Davis, 424 U.S. 693, 709 (1976)).

The parties agree that a water permit entitling the holder to use surface water within the capacity limits of the Niobrara Watershed represents a property right under Nebraska law. See Loup River Pub. Power Dist. v. N. Loup River Power & Irr. Dist., 5 N.W.2d 240, 247-48 (Neb. 1942) ("A right of appropriation, under our Constitution, whether for irrigation or for power purposes, is a property right which is entitled to the same protection as any other property right."). That right, however, is not one of ownership of the surface water prior to capture. Spear T Ranch, Inc. v. Knaub, 691 N.W.2d 116, 127 (Neb. 2005) ("A right to appropriate surface water however, is not

an ownership of property. Instead, the water is viewed as a public want and the appropriation is a right to use the water."). As the district court explained, the holder of a surface water permit acquires the rights granted by the permit and is subject to constraints articulated by the permit. Here, the appellants' permits allow them to use specific amounts of surface water so long as there is sufficient capacity, subject to the rights of senior appropriators and subject to regulation by the State through the DNR.

Appellants argue that when the DNR administers the Niobrara in a manner which requires permit holders to stop taking water, the state should conduct a hearing to give permit holders who are being issued Closing Notices an opportunity to challenge the DNR's determination that there is a scarcity requiring administration and to challenge the validity of any senior appropriator's permit. We reject this argument because when the DNR determines that the watershed no longer has the capacity to supply all permit holders, appellants no longer have a legitimate claim of entitlement to use the surface water and thus do not suffer a deprivation of a property right.

On the face of the permits, permit holders are warned that there are periods of time when water supply on the Niobrara River is insufficient to meet the demands of all appropriators and that permit holders are "hereby given notice that [they] may be denied the use of water during times of scarcity." Under Nebraska law, the DNR is charged with administering the prior appropriation system, which necessarily requires the DNR to determine the capacity limits of a given stream and to determine what restrictions must be imposed to enforce the appropriation system. Neb. Rev. Stat. § 61-206(1) ("The Department of Natural Resources is given jurisdiction over all matters pertaining to water rights for irrigation, power, or other useful purposes except as such jurisdiction is specifically limited by statute."). The property right held by appellants is expressly conditioned on the DNR's determination of watershed capacity, and therefore appellants have no legitimate claim to the water when the DNR determines that there is a scarcity and that the issuance of Closing Notices is

necessary to satisfy the needs of senior appropriators. See Idaho Dep't of Water Res. Amended Final Order Creating Water Dist. No. 170, 220 P.3d 318, 331-32 (Idaho 2009) ("A water user has no property interest in being free from the State's regulation of water distribution in accordance with the prior appropriation doctrine . . . ."). Because the issuance of Closing Notices does not impact the property right bestowed by the permit to use the surface water when there is sufficient capacity, the appellants are not deprived of that property right. We agree with the district court that appellants have not suffered a deprivation of their property rights by the DNR's actions, thus we do not address the remainder of appellants' arguments pertaining to their due process claims.

Finally, the district court was permitted to dismiss without prejudice the pendent state-law ultra vires claim in light of its grant of summary judgment on the section 1983 claim. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims."); Gibson v. Weber, 431 F.3d 339, 342 (8th Cir. 2005) ("Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed.").

III.

Accordingly, we affirm.

_____