# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1623
_____

Abrahim Mohamed Fofana,

*Plaintiff - Appellee,*

v.

Alejandro Mayorkas, Secretary of Homeland Security; Tracy Renaud, in her official capacity as Acting Director of the United States Citizenship and Immigration Services; Connie Nolan, Acting Associate Director and Service Center Operations Directorate, U.S. Citizenship and Immigration Services; Leslie Tritten, Director, Minneapolis St. Paul Field Office, U.S. Citizenship and Immigration Services; United States Citizenship and Immigration Services,[*]

*Defendants - Appellants.*

_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: February 16, 2021
Filed: July 15, 2021
_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.
_____

[*]Acting Director Renaud and Acting Associate Director Nolan are automatically substituted for their predecessors under Federal Rule of Appellate Procedure 43(c)(2).

COLLOTON, Circuit Judge.

This appeal concerns an application by Abrahim Mohamed Fofana, a citizen of Liberia, for adjustment of status to legal permanent resident in the United States. The government denied Fofana's application, and he brought suit against several officials under the Administrative Procedure Act. The district court granted summary judgment for Fofana on the ground that the doctrine of issue preclusion barred the government's rationale for denying the application for adjustment of status. We conclude that the disputed issue was not actually litigated in an earlier proceeding, so issue preclusion does not apply. We therefore reverse the judgment and remand for further proceedings.

On January 28, 2001, Fofana arrived in the United States and applied for asylum. He professed fear that he would be persecuted if the government returned him to Liberia. In the course of the proceedings, he averred that he raised funds for the United Liberation Movement, a Liberian rebel group that opposed the governing party in Liberia, and cited that activity as one reason that he feared future persecution. An immigration judge granted the application for asylum.

Fofana later applied to adjust his status to legal permanent resident. The government denied the application on the ground that Fofana had solicited funds for a terrorist organization—namely, the United Liberation Movement. Aliens who "solicit funds" for a terrorist organization are inadmissible to the United States "unless the solicitor can demonstrate by clear and convincing evidence that he did not know, and should not reasonably have known, that the organization was a terrorist organization." 8 U.S.C. § 1182 (a)(3)(B)(iv)(IV)(cc); *see id.* § 1182(a)(3)(B)(i)(I). The government determined that Fofana had failed to make the requisite showing, so he was inadmissible. The legal status of inadmissible aliens cannot be adjusted, *see id.* § 1159(b)(5), so the government denied Fofana's application.

Fofana then brought this action in the district court. He argued, among other things, that the government was precluded from declaring him inadmissible based on soliciting funds for a terrorist organization, because his admissibility on that basis was actually litigated and decided in his favor during the 2001 asylum proceeding. The district court accepted that argument and granted summary judgment for Fofana.

On appeal, the government asserts that issue preclusion does not apply because Fofana's inadmissibility on the ground that he solicited funds for a terrorist organization was not "actually litigated" in the asylum proceeding. Issue preclusion, also known as collateral estoppel, bars relitigation of a question of law or fact in a subsequent proceeding between the same parties if in the first proceeding, the "issue . . . is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Turner v. U.S. Dep't of Just.*, 815 F.3d 1108, 1111 (8th Cir. 2016) (quoting Restatement (Second) of Judgments § 27 (Am. L. Inst. 1982)).

The statutory scheme in 2001 provided that an alien who solicited funds for a terrorist organization was inadmissible. The Immigration and Nationality Act rendered an alien inadmissible if he committed "an act which the actor knows, or reasonably should know, affords material to support to any . . . organization . . . in conducting a terrorist activity at any time, including . . . [t]he soliciting of funds or other things of value . . . for any terrorist organization." 8 U.S.C. § 1182(a)(3)(B)(iii)(IV) (2000); *see also id.* § 1182(a)(3)(B)(i)(I) (2000). An alien who was inadmissible on that basis could not receive asylum in the United States. *Id.* § 1158(b)(2)(A)(v) (2000). Thus, if the United Liberation Movement was a terrorist organization, then the government could have invoked Fofana's solicitation of funds for the organization to preclude a grant of asylum.

In granting summary judgment for Fofana in this case, the district court believed that because "inadmissibility is a complete bar to an application for asylum,

the [immigration judge] necessarily determined Fofana was admissible when granting his asylum application." The court then concluded that because "the issue of inadmissibility was necessarily determined, it was actually litigated for the purposes of collateral estoppel." A principal dispute on appeal is whether the district court properly applied the "actually litigated" requirement.

The long-established rule is that issue preclusion applies "only as to those matters in issue or points controverted, upon the determination of which the finding or verdict [in the prior proceeding] was rendered." *Cromwell v. County of Sac*, 94 U.S. 351, 353 (1876). "[T]he inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined." *Id.* An issue lurking in the record but not raised or decided is not actually litigated. A party may choose not to litigate a particular issue for various reasons, including cost, strategy, and the difficulty of obtaining evidence. *Id.* at 356-57; Restatement (Second) of Judgments § 27 cmt. e. We thus agree with other circuits that for an issue to be "actually litigated," the issue must have been "raised, contested, and submitted for determination" in the prior proceeding, *Janjua v. Neufeld*, 933 F.3d 1061, 1066 (9th Cir. 2019), and it must be determined. *Islam v. Sec'y, Dep't of Homeland Sec.*, 997 F.3d 1333, 1341 (11th Cir. 2021); *see also* Restatement (Second) of Judgments § 27 cmt. d.

The record shows that whether Fofana was inadmissible because he solicited funds for a terrorist organization was not raised, contested, and submitted for determination in the 2001 asylum proceeding. The Notice to Appear charged only two grounds of inadmissibility: (1) using fraud or misrepresentation to procure a visa to the United States, and (2) failing to have a valid visa or other entry document at the time of application for admission. Although Fofana admitted in his asylum application that he raised funds for the United Liberation Movement "fighters," the government did not allege inadmissibility based on that activity. At the removal hearing, Fofana conceded both charged grounds of inadmissibility and sought asylum

and withholding of removal based on a fear that he would be persecuted on return to Liberia. Fofana also discussed his solicitation of funds for the United Liberation Movement, but he did so in support of his claim that he feared persecution, not in response to the government or the court raising a potential ground for inadmissibility.

At the end of the hearing, the government advised the court in light of Fofana's testimony that it would "not oppose a grant [of asylum] by the court." The government did not argue that the United Liberation Movement was a terrorist organization, that Fofana's solicitation of funds for the organization supported terrorism, or that Fofana was inadmissible based on his solicitation of funds. Those issues were not raised, contested, or submitted for determination. The immigration court granted asylum without addressing whether Fofana was inadmissible because he solicited funds. Accordingly, Fofana's inadmissability on terrorism grounds was not "actually litigated" in the 2001 asylum proceeding. The government was not precluded at a later date from relying on Fofana's solicitation of funds in denying adjustment of status. *Accord Islam*, 997 F.3d at 1340-42; *Janjua*, 933 F.3d at 1067-68.

Fofana argues that this court took a broader view of the "actually litigated" requirement in *Irving v. Dormire*, 586 F.3d 645 (8th Cir. 2009). In *Irving*, a prisoner sued state officials under 42 U.S.C. § 1983, alleging that they denied him access to legal materials and thereby caused him to file an untimely habeas petition. The prisoner previously had moved under Federal Rule of Civil Procedure 60(b) to vacate the adverse habeas judgment, and argued in part that the state officials had purposely denied him access to legal materials that were necessary to file a timely petition. In affirming the dismissal of the § 1983 action, this court reasoned that the habeas court, in denying the Rule 60(b) motion in the face of the prisoner's claim that he was denied access to legal materials, "necessarily decided" that the prisoner was not illegally denied access, even though the habeas court did not specifically address the claim. *Id*. at 647-48.

While it is true that *Irving* applied issue preclusion in a case where the court's ruling on an issue in the first proceeding was implicit rather than explicit, the disputed issue was raised and submitted for determination in the first proceeding. Therefore, *Irving* at most stands for the proposition that an issue may be "actually litigated" if the issue is raised and implicitly decided against the party who raised it. *Irving* does not establish that an issue is actually litigated where, as here, it was neither raised by the parties nor mentioned by the court in the first proceeding.

For these reasons, the judgment of the district court is reversed, and the case is remanded for further proceedings.

_____