22-904-cv
*Rahman v. Mayorkas*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of March, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
REENA RAGGI,
JOSEPH F. BIANCO,
*Circuit Judges.*

---

KHALILUR RAHMAN

                *Plaintiff-Appellant,*                         22-904-cv

MARIA AKTER, FATEMA AKTER, FARJAHAN AKTER

                *Plaintiffs,*

                v.

ALEJANDRO N. MAYORKAS, JOHN K. TIEN, MERRICK B. GARLAND, GREGORY A. RICHARDSON, TEXAS SERVICE CENTER,

                *Defendants-Appellees,*

JOHN DOES 1-10, JANE DOES 1-10, ABC AGENCY 1-10,

                *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**                 Khagendra Gharti-Chhetry,
                                            Esq., New York, NY.


**FOR DEFENDANTS-APPELLEES:**                Brian M. Boynton, Principal
                                            Deputy Assistant Attorney
                                            General, Civil Division;
                                            William C. Peachey, Director;
                                            Yamileth G. Davila, Assistant
                                            Director; Sean L. King, Trial
                                            Attorney, Office of
                                            Immigration Litigation, U.S.
                                            Department of Justice,
                                            Washington, DC.


Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).


**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.


Plaintiff Khalilur Rahman sued Defendants alleging that U.S. Citizenship and Immigration Services ("USCIS") unlawfully denied his application for a status adjustment because its decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In 2014, an Immigration Judge ("IJ") granted Rahman asylum following his claim that he was tortured by members of Bangladesh's Awami League Party because of his membership in the Bangladesh National Party ("BNP"). In 2016, Rahman applied for a status adjustment under 8 U.S.C. § 1159(b). USCIS denied his application because it found that he had engaged in terrorist activity and maintained membership in the BNP, which it determined was a Tier III Terrorist organization.[1] The District Court granted Defendants' motion to dismiss for failure to state a claim. Rahman appeals. We assume the parties' familiarity with the further underlying facts, procedural history of the case, and issues on appeal.[2]

---

[1] USCIS noted that its denial of his application would not result in Rahman losing his asylum status and that he remained authorized to work in the United States.

[2] As a threshold matter, there is an open question as to whether we have jurisdiction to review any aspect of a USCIS decision denying discretionary relief, such as a status adjustment, outside of a removal proceeding. *See Patel v. Garland*, 142 S. Ct. 1614, 1626–27 (2021). We decline to address this open question today, for we may assume hypothetical jurisdiction where, as here, it stems from a federal statute. *See Butcher v. Wendt*, 975 F.3d 236, 242–44 (2d Cir. 2020); 28 U.S.C. § 1291.

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Nicosia v. Amazon.com, Inc.* 834 F.3d 220, 230 (2d Cir. 2016); Fed. R. Civ. P. 12(b)(6). In doing so, we "constru[e] the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia*, 834 F.3d at 230. Accordingly, we must determine whether Rahman has alleged facts that, when accepted as true, plausibly suggest that USCIS's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rahman's claim that the denial of his status adjustment application was unlawful rests on three arguments pressed on appeal.[3] We address each in turn.

First, Rahman argues that USCIS erred in finding that Rahman's membership in the BNP and its subgroup, the Jubo Dal, constituted membership in a Tier III terrorist organization. To succeed at the motion to dismiss stage, Rahman must have alleged facts that, when accepted as true, plausibly suggest that USCIS's decision, based on this finding, was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see Iqbal*, 556 U.S. at 678. He did not. Rahman attached to his complaint the underlying IJ and USCIS decisions. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). But these attachments do not contain any facts supporting the argument that Rahman's membership did not constitute membership in a terrorist organization. They instead support the contrary argument. The District Court thus properly dismissed Rahman's claim based on the argument that USCIS made an erroneous finding.

Next, Rahman argues that the principle of collateral estoppel precluded USCIS from relitigating the question of whether the BNP was a Tier III terrorist organization altogether. The issue, he asserts, was already litigated at his asylum proceeding because he would not have been granted asylum had it been a terrorist organization. "Under general principles of collateral estoppel, or issue preclusion, a judgment in a prior proceeding bars a party . . . from relitigating an issue if, but 'only if,'" *inter alia*, "the issue in the prior proceeding was actually litigated and actually decided." *Nat'l Lab. Rels. Bd. v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir. 1999) (quoting *Local 32B–32J Serv. Emps. Int'l Union v. Nat'l Lab. Rels. Bd.*, 982 F.2d 845, 849 (2d Cir. 1993)). Rahman must have alleged

---

[3] Rahman's appeal also rests on the argument that the District Court erred in failing to accept as true his assertions that (1) his membership in the BNP is not a bar to admissibility and (2) that Defendants bore the burden to prove that the BNP was a terrorist organization. We conclude that it did not. Although we must accept as true all factual allegations in a complaint, the same is not true for legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rahman's contentions are legal conclusions, so the District Court did not err failing to accept them as true.

facts that plausibly suggest that the question of whether the BNP was a Tier III terrorist organization was actually litigated. We conclude that he did not.

The record indicates that during his removal proceeding the IJ asked Rahman whether he had engaged in violence or encouraged violence as a member of his political party. In reply, Rahman denied doing so, noting that his party "went against . . . any kind of terrorism." Pl.'s Br. at 14. These facts, in our view, do not plausibly establish that the issue of whether the BNP was a terrorist organization was actually litigated. Moreover, whether an issue was actually litigated is not the same as whether an issue was actually decided. *See Abrams v. Interco, Inc.*, 719 F.2d 23, 33 n.9 (2d Cir. 1983). A grant of asylum alone is insufficient to show that a terrorism bar was actually litigated. *See Islam v. DHS*, 997 F.3d 1333, 1342 (11th Cir. 2021); *Fofana v. Mayorkas*, 4 F.4th 668, 671 (8th Cir. 2021), *cert. denied*, No. 21-916, 2022 WL 515966 (U.S. Feb. 22, 2022); *Janjua v. Neufeld*, 933 F.3d 1061, 1067–68 (9th Cir. 2019). The District Court therefore properly dismissed Rahman's claim to the extent it was based on a collateral estoppel argument.

Third, Rahman argues that the principle of *res judicata* precluded USCIS from relitigating the question of whether the BNP was a terrorist organization. The Department of Homeland Security's ("DHS") failure to raise the issue during his removal proceeding, Rahman contends, barred it from doing so when adjudicating his status adjustment application.[4] The doctrine of *res judicata* "precludes parties from litigating issues 'that were or could have been raised' in a prior proceeding." *Perez v. Danbury Hosp.*, 347 F.3d 419, 426 (2d Cir. 2003) (quoting *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284–85 (2d Cir. 2000)). Whether *res judicata* applies in an immigration context remains an open question, and it is one we need not decide today. *See Channer v. DHS*, 527 F.3d 275, 280 (2d Cir. 2008). In denying Rahman's status adjustment application, USCIS noted that the BNP participated in widespread political violence in 2015, after Rahman received asylum. Thus, Rahman's inadmissibility based on his membership and material support for the BNP in 2015 were not issues that DHS could have raised during the removal proceedings. The District Court properly dismissed Rahman's claim to the extent it was based on a *res judicata* argument.

## CONCLUSION

The District Court properly dismissed Rahman's Administrative Procedure Act claim that USCIS's denial of his status adjustment application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Rahman failed to plead any facts supporting his argument that his membership in the BNP or the Jubo Dal did not constitute membership in a terrorist organization. And the principles of collateral estoppel and *res judicata* did

---

[4] Both U.S. Immigration and Customs Enforcement, a party to Rahman's removal proceeding, and USCIS are part of DHS.

not preclude USCIS from litigating the question of whether the BNP was a Tier III terrorist organization.

We have reviewed all of the remaining arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 28, 2022 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court