Richard E. FOWLER, Appellant,

v.

Charles WOLFF, Jr., Warden, Nebraska Penal Complex, Appellee.

No. 72–1740.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1973.

Filed June 7, 1973.

Richard E. Fowler, filed typewritten briefs pro se.

Clarence A. H. Meyer, Atty. Gen., and Harold S. Salter, Deputy Atty. Gen., Claims Div., State of Nebraska, Lincoln, Neb., filed printed brief for appellee.

Before HEANEY and ROSS, Circuit Judges, and BENSON, District Judge.*

PER CURIAM.

Richard E. Fowler appeals from a decision dismissing his civil rights action.

Fowler brought this action for monetary damages against Charles Wolff, Warden of the Nebraska Penal Complex; John Greenholtz, Chairman of the Board of Parole; Harold Smith, a member of the Board of Parole; and James Lyon, Records Officer of the Nebraska Penal Complex. Fowler alleged that the defendants had violated his constitutional rights: first, by paroling, rather than releasing, him from prison on January 3, 1971; and second, by failing to give him a hearing when his parole was revoked on January 10, 1971.

Fowler has presented essentially the same claims in several prior actions. His first action was dismissed on March 24, 1971, for failure to exhaust administrative remedies. His second action was dismissed on the merits on August 24, 1971. The defendants in the August 24th action were Maurice H. Sigler, Warden of the Nebraska Penal Complex, Greenholtz and Smith. The court, in its memorandum disposing of the second action, specifically discussed the question of whether Fowler was entitled to release, rather than parole, but it did not specifically discuss whether Fowler's constitutional rights had been violated by the failure to accord him a hearing on his parole violation. No appeal was taken from the District Court's order.

Thereafter, Fowler brought four additional actions, making essentially the same allegations. These were dismissed by the District Court as being frivolous and repetitious on June 13, 1972, August 2, 1972, September 11, 1972, and November 14, 1972. The last of these is the subject of this appeal.

Fowler argues that the trial court erred in dismissing his most recent action. We do not agree. As we have indicated, a review of the pleadings in each of the plaintiff's actions shows that the two claims raised by the plaintiff in the present action have been raised by him in his five previous actions. Both claims were conclusively determined against the plaintiff by the District Court in its order of August 24, 1971, from which the plaintiff did not appeal. The plaintiff has had his day in court on these claims, and res judicata bars him from presenting them again. This is true even though the District Court's memorandum of August 24, 1971, did not specifically discuss the failure of the parole board to accord the plaintiff a hearing on his parole violation. Thomas v. Consolidation Coal Company, 380 F.2d 69, 80 (4th Cir.), cert. denied, 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599 (1967); St. Lo Const. Co. v. Koenigsberger, 84 U.S.App.D.C. 319, 174 F.2d 25, 27, cert. denied, 338 U.S. 821, 70 S.Ct. 66, 94 L.Ed. 498 (1949); Restatement of Judgments, § 68m.

The plaintiff contends that res judicata does not bar this action because of the addition of certain defend-

---

* District of North Dakota, sitting by designation.

ants not included in prior actions. The pleadings show that James Lyon, Records Officer of the Nebraska Penal Complex, and Charles Wolff, the Complex's current warden, are the only defendants in the present action who were not defendants in the action dismissed on August 24, 1971. The relationship of Lyon and Wolff to the parties sued in the August 24th action is so close that their addition cannot change the fact that this present action is repetitious and barred by res judicata. Gambocz v. Yelencsics, 468 F.2d 837 (3rd Cir. 1972).

Affirmed.