**131 Nev., Advance Opinion 28**
IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ROLLAND P. WEDDELL, AN INDIVIDUAL, Appellant, vs. F. DEARMOND SHARP, ESQ., AN INDIVIDUAL; ROBISON BELAUSTEGUI SHARP & LOW, A NEVADA PROFESSIONAL CORPORATION; CHRIS D. NICHOLS, ESQ., AN INDIVIDUAL; BELDING, HARRIS & PETRONI; JEFFREY L. HARTMAN, AN INDIVIDUAL; AND HARTMAN & HARTMAN, P.C., Respondents. | No. 60944  **FILED** MAY 2 8 2015 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |
| ROLLAND P. WEDDELL, Appellant, vs. F. DEARMOND SHARP, ESQ., AN INDIVIDUAL; ROBISON BELAUSTEGUI SHARP & LOW, A NEVADA PROFESSIONAL CORPORATION; CHRIS D. NICHOLS, ESQ., AN INDIVIDUAL; BELDING, HARRIS & PETRONI; JEFFREY L. HARTMAN, AN INDIVIDUAL; AND HARTMAN & HARTMAN, P.C., Respondents. | No. 61329 |

Consolidated appeals from a district court order dismissing a contract and tort action and a post-judgment order awarding attorney fees. Second Judicial District Court, Washoe County; Steven R. Kosach, Judge.

*Affirmed in part and reversed in part.*

Day R. Williams, Carson City; Kenneth Dale Sisco, Norco, California, for Appellant.

SUPREME COURT
OF
NEVADA

(O) 1947A

10/8/15: Corrected per letter to publishers. CJ

15-16229

Robison Belaustegui Sharp & Low and Keegan G. Low, Reno, for Respondents.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, SAITTA, J.:

In this appeal, we consider whether a defendant may validly use claim preclusion as a defense against a plaintiff's complaint even when that defendant was not a party or in privity with a defendant in an earlier action brought by the plaintiff based on the same type of claims. Despite lacking a common defendant or privity with a defendant, some courts have applied the doctrine of nonmutual claim preclusion in cases where the defendants in the second action can demonstrate that they should have been included as parties in the first action and the plaintiff cannot show a good reason for not having included them. As this concept of nonmutual claim preclusion is designed to obtain finality of litigation and promote judicial economy in situations where the rules of civil procedure governing noncompulsory joinder, permissive counterclaims, and permissive cross-claims fall short, we adopt the doctrine of nonmutual claim preclusion. We do so because, as this appeal exemplifies, the privity requirement can be unnecessarily restrictive in terms of governing when the defense of claim preclusion may be validly asserted. Accordingly, as set forth in this opinion, we modify the privity requirement established in *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 194 P.3d 709 (2008), to incorporate the principles of nonmutual claim preclusion, meaning that for claim preclusion to apply, a defendant must demonstrate that (1) there has been

a valid, final judgment in a previous action; (2) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first action; and (3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, *or* the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a "good reason" for not having done so. Here, because respondents established that they should have been named as defendants in an earlier lawsuit and appellant failed to provide a good reason for not doing so, we affirm the district court's dismissal of appellant's complaint on the basis of claim preclusion.

### FACTS AND PROCEDURAL HISTORY

Appellant Rolland Weddell and nonparty Michael Stewart are former business partners who were engaged in multiple business ventures. Through time, several disputes arose between the partners regarding their business dealings. The partners agreed to informally settle their disputes by presenting them to a panel of three attorneys, the respondents herein. Because respondents had previous dealings with appellant and Stewart, both appellant and Stewart signed a Memorandum of Understanding in which they acknowledged the potential for conflicts of interest, waived those potential conflicts, recognized that respondents would be neutral in the dispute-resolution process, and agreed that the decision rendered by respondents would be "binding, non-appealable and c[ould] be judicially enforced."

The Memorandum of Understanding did not specify the process by which respondents would go about rendering their decision, and the record on appeal does not clearly reflect the process that was actually taken. In any event, respondents issued a decision resolving the partners'

disputes that, for the most part, was favorable to Stewart. Stewart then filed a lawsuit against appellant, seeking a declaratory judgment that respondents' decision was valid and enforceable. Appellant filed an answer and counterclaim to Stewart's complaint in which he asked the district court to enforce only the portion of respondents' decision that was favorable to him. In support of his requested relief, appellant questioned respondents' neutrality in rendering their decision, specifically alleging that respondents had failed to answer certain questions that appellant had wanted answered, that respondents had concealed pertinent facts from each other, and that respondents had concealed from appellant their knowledge that Stewart had defrauded appellant. Appellant, however, did not assert cross-claims against any of the respondents.

During the first day of a bench trial, appellant informed the district court that he would enter a confession of judgment acknowledging that respondents' decision was, indeed, valid and enforceable against him in its entirety. Appellant proceeded to confess judgment and stipulated to dismiss his counterclaim. Over two years later, however, appellant instituted the underlying action against respondents in which he asserted causes of action stemming from respondents' conduct in the dispute-resolution process. Respondents filed a motion to dismiss the complaint and requested attorney fees as sanctions, contending that, among other reasons, dismissal was warranted on claim preclusion principles and that appellant had filed the complaint without reasonable grounds, warranting sanctions under NRS 18.010(2)(b). The district court granted respondents' motion to dismiss, finding that the three factors for claim preclusion articulated by this court in *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 194 P.3d 709 (2008), had been satisfied. The district court also

entered a subsequent order granting the request for attorney fees. Appellant appealed both orders.

## DISCUSSION

In *Five Star*, we clarified the conceptual differences between the defenses of claim preclusion and issue preclusion, and we identified the important policy purposes served by recognizing those defenses. In particular, we recognized that the purpose of claim preclusion "is to obtain finality by preventing a party from filing another suit that is based on the same set of facts that were present in the initial suit." *Id.* at 1054, 194 P.3d at 712. In light of this purpose, we considered this court's previous four-factor test for claim preclusion, and we concluded that the test was "overly rigid," as one of the factors required that the "same relief" be sought in both complaints, thereby making the test susceptible to manipulation by litigious plaintiffs. *Id.* at 1053-54, 194 P.3d at 712-13 (abrogating *Edwards v. Ghandour*, 123 Nev. 105, 159 P.3d 1086 (2007)).

*Five Star's test for applying claim preclusion*

Consequently, *Five Star* modified the previous four-factor test for when claim preclusion could be asserted as a valid defense in favor of the following three-factor test, which is the test that the district court in the underlying matter employed: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star*, 124 Nev. at 1054, 194 P.3d at 713. In so doing, we expressed our belief that this three-factor test would sufficiently "maintain[] the well-established principle that claim preclusion applies to all grounds of recovery that were or could have been brought in the first case." *Id.* at 1054-55, 194 P.3d at 713.



Here, appellant's primary argument on appeal is that the district court erroneously found the first factor to have been satisfied—*i.e.*, that respondents were in privity with Stewart, the defendant against whom appellant asserted his counterclaim in Stewart's declaratory relief action. In so finding, the district court ruled that respondents were sufficiently in privity with Stewart because Stewart played a role in selecting respondents as the panel members and because both Stewart and respondents had an interest in upholding respondents' dispute-resolution decision. We agree with appellant that this relationship between respondents and Stewart does not fall within this court's previously used definition of privity, which recognizes that one person is in privity with another if the person had "'acquired an interest in the subject matter affected by the judgment through . . . one of the parties, as by inheritance, succession, or purchase.'" *Bower v. Harrah's Laughlin, Inc.*, 125 Nev. 470, 481, 215 P.3d 709, 718 (2009) (*quoting Paradise Palms Cmty. Ass'n v. Paradise Homes*, 89 Nev. 27, 31, 505 P.2d 596, 599 (1973)). Similarly, even under this court's recent adoption of the Restatement (Second) of Judgments section 41, *see Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev., Adv. Op. 28, 321 P.3d 912, 917-18 (2014), we conclude that privity does not exist between respondents and Stewart under an "adequate representation" analysis, as Stewart did not purport to represent respondents' interests during the declaratory relief action between him and appellant.

Thus, contrary to the district court's determination, we conclude that privity does not exist between respondents and Stewart and that *Five Star*'s test for claim preclusion was not satisfied in this instance. This conclusion, however, reveals that *Five Star*'s test for claim preclusion

does not fully cover the important principles of finality and judicial economy that it intended to capture. *Cf. Five Star*, 124 Nev. at 1054-55, 194 P.3d at 713 (adopting the three-factor test based on the belief that those factors would sufficiently "maintain[ ] the well-established principle that claim preclusion applies to all grounds of recovery that were or could have been brought in the first case"). Specifically, appellant's causes of action against respondents in the underlying action and his counterclaim against Stewart in the previous declaratory relief action were premised on the same alleged facts: that respondents and Stewart loosely colluded with one another to render a dispute-resolution decision unfavorable to appellant. Given these circumstances, *Five Star's* third requirement that "the subsequent action [be] based on the same claims or any part of them that were *or could have been brought in the first case*" would be satisfied.[1] *Id.* at 1054, 194 P.3d at 713 (emphasis added); *see G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev., Adv. Op. 64, 262 P.3d 1135, 1139 (2011) (recognizing that *Five Star's* third factor can be satisfied when the two actions are "based on the same facts and alleged wrongful conduct" (internal quotation omitted)). Thus, but for *Five Star's* privity

---

[1]Appellant also argues on appeal that his confession of judgment in Stewart's declaratory relief action does not satisfy *Five Star's* valid-final-judgment requirement because the enforceability of the dispute-resolution decision was not actually litigated. This argument, however, has no bearing on the applicability of claim preclusion. *See Five Star*, 124 Nev. at 1054 n.27, 194 P.3d at 713 n.27 (recognizing that the valid-final-judgment requirement for claim preclusion does not necessarily require a determination on the merits). Moreover, this court has recognized that a consent judgment can form a basis for claim preclusion, *see Willerton v. Bassham*, 111 Nev. 10, 16-17, 889 P.2d 823, 826-27 (1995), and we see no reason to differentiate between consent judgments and the judgment by confession at issue in this case.

requirement, appellant's causes of action against respondents would be barred by claim preclusion.

*The doctrine of nonmutual claim preclusion*

Implicit in *Five Star*'s privity requirement was this court's recognition that, generally, a party need not assert every conceivable claim against every conceivable defendant in a single action. *See, e.g.,* *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d 484, 490 (2013) (recognizing that neither NRCP 19(a) nor public policy warrant adopting "a per se rule requiring a plaintiff to join cotortfeasors to an action as necessary parties"); *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 837, 963 P.2d 465, 474 (1998) ("[A]pplying claim preclusion to subsequent litigation between former codefendants would have the effect of negating permissive cross-claim rules . . . ."). Yet despite this generally accepted premise, federal courts capably apply claim preclusion even in situations where the defendant in the second suit was not a party or in privity with a party in the first suit.

For example, in *Airframe Systems, Inc. v. Raytheon Co.*, Airframe Systems filed a lawsuit against a parent company and one of its subsidiaries alleging that the subsidiary had engaged in copyright infringement over a span of several years, the latter portion of which was during the time that the parent owned the subsidiary. 601 F.3d 9, 11-14 (1st Cir. 2010). That lawsuit was dismissed, and Airframe Systems then filed a second suit against the subsidiary and the *former* parent company that owned the subsidiary during the earlier portion of the subsidiary's alleged infringement. *Id.* On appeal, the First Circuit was presented with the question of whether the former parent company could assert claim preclusion even though it was not in privity with the then-current parent

company. *Id.* at 16-17. The First Circuit recognized that "privity is a sufficient but not a necessary condition for a new defendant to invoke a claim preclusion defense." *Id.* at 17. The court then concluded that the former parent company could assert claim preclusion because it had a "close and significant relationship" with the current parent company, in that both companies had simply been serving "as interchangeable proxies" in Airframe Systems' successive attempts to hold the subsidiary company liable. *Id.* at 17-18.

Similarly, in *Gambocz v. Yelencsics*, Gambocz filed a lawsuit against a group of individuals alleging that the group had conspired to thwart Gambocz's candidacy for mayor. 468 F.2d 837, 839 & n.1 (3d Cir. 1972). The lawsuit was dismissed, and Gambocz then filed a second suit against the same group of individuals as well as against three additional defendants, once again alleging that all the defendants had conspired to thwart his candidacy for mayor. *Id.* at 839. On appeal, the Third Circuit was presented with the question of whether Gambocz's suit against the newly named defendants was barred by claim preclusion. *Id.* at 840-41. The Third Circuit concluded that claim preclusion can be validly invoked by newly named defendants when those defendants have "a close or significant relationship" with previously named defendants. *Id.* at 841. The Third Circuit then concluded that such a relationship existed in the case at hand in light of the fact that the newly named defendants had allegedly participated in a conspiracy with the previously named defendants and were even mentioned in Gambocz's complaint in his first lawsuit. *Id.* at 842; *see also Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992) (applying claim preclusion in the absence of privity); *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288-89 (5th Cir. 1989) (same); *In re El San*

SUPREME COURT
OF
NEVADA

(O) 1947A

9

*Juan Hotel Corp.*, 841 F.2d 6, 10-11 (1st Cir. 1988) (same); *Silva v. City of New Bedford, Mass.*, 677 F. Supp. 2d 367, 371-72 (D. Mass. 2009) (same); *McLaughlin v. Bradlee*, 599 F. Supp. 839, 847-48 (D.D.C. 1984) (same).

This concept of "nonmutual" claim preclusion embraces the idea that a plaintiff's second suit against a new party should be precluded "if the new party can show good reasons why he should have been joined in the first action and the [plaintiff] cannot show any good reasons to justify a second chance." 18A Charles Alan Wright, et al., *Federal Practice and Procedure* § 4464.1 (2d ed. 2002); *see Airframe Sys.*, 601 F.3d at 18 (recognizing this standard as the primary focus in determining whether nonmutual claim preclusion is appropriate); *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 620 (3d Cir. 1995) (same).[2] Thus, in this sense, the doctrine of nonmutual claim preclusion is designed to obtain finality and promote judicial economy in situations where the civil procedure rules governing noncompulsory joinder, permissive

---

[2]To be sure, when considering whether a plaintiff had "good reasons" to justify a second suit against a new defendant, many, if not most, federal courts focus on whether the new defendant had a "close and significant relationship" with the defendant in the first suit. *See, e.g., Airframe Sys.*, 601 F.3d at 17-18; *Gambocz*, 468 F.2d at 841; *see also Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1175-76 (5th Cir. 1992) (concluding that the relationship between two defendants was "close enough" to apply nonmutual claim preclusion); *Fowler v. Wolff*, 479 F.2d 338, 340 (8th Cir. 1973) (recognizing that defendants' relationship with each other was "so close" that nonmutual claim preclusion should be applied). This focus, however, simply reverts back to a consideration of whether privity exists between the new defendant and the previous defendant. Thus, while a "close and significant" relationship between defendants may be sufficient in some cases to show that a plaintiff lacked "good reasons" to justify a second lawsuit, we are not persuaded that a close and significant relationship is always necessary to demonstrate that a plaintiff lacked good reasons to justify the second lawsuit.

counterclaims, and permissive cross-claims fall short. *See* Wright, *supra*, § 4464.1 ("Nonmutual claim preclusion is most attractive in cases that seem to reflect no more than a last desperate effort by a plaintiff who is pursuing a thin claim against defendants who were omitted from the first action because they were less directly involved than the original defendants.").

The purpose of nonmutual claim preclusion, then, is the same as that of claim preclusion in general: "to obtain finality by preventing a party from filing another suit that is based on the same set of facts that were present in the initial suit." *Five Star*, 124 Nev. at 1054, 194 P.3d at 712. Thus, whereas in *Five Star* we adopted a three-factor test for claim preclusion based on our conclusion that our previous four-factor test was "overly rigid," *id.*, we now adopt the doctrine of nonmutual claim preclusion for the same reason. In so doing, we modify *Five Star*'s test for claim preclusion to the following three-factor test: "[(1)] the final judgment is valid, . . . [(2)] the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case," *id.* at 1054, 194 P.3d at 713, and (3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, *or* the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a "good reason" for not having done so. Wright, *supra*, § 4464.1.

Here, and as explained previously, there was a valid final judgment in the declaratory relief action between appellant and Stewart. As for the second factor, appellant's claims against respondents in this lawsuit are premised on respondents' alleged collusion with Stewart in the dispute-resolution process. Because Stewart's declaratory relief action

sought a judicial determination that the dispute-resolution decision was valid and enforceable, and because appellant's counterclaim against Stewart sought the opposite, appellant's current claims against respondents clearly could have been brought in that case. Thus, our inquiry focuses on whether appellant has shown a good reason to justify this second lawsuit.

As his reason, appellant asserts that he lacked the necessary facts to bring suit against respondents until after he had made his confession of judgment. This assertion, if accurate, would constitute a good reason to justify appellant's second lawsuit. Appellant's assertion, however, is belied by the record. In particular, appellant's answer and counterclaim in the declaratory relief action alleged that respondents had concealed their knowledge of Stewart's attempt to defraud appellant, concealed pertinent facts from each other, refused to allow appellant to present evidence, and failed to answer certain questions that appellant wanted answered. Under NRCP 11(b)(3), those allegations were deemed to have evidentiary support at the time they were made in the answer and counterclaim. Those same allegations, however, formed the basis for appellant's causes of action against respondents in the underlying action, which was filed over two years later. In particular, appellant's complaint asserted a claim for fraud in which he alleged that "at the time [appellant] executed the Memorandum [of Understanding], [respondents] intended to decide in favor of Stewart and to conceal [respondents'] misrepresentations to courts." Appellant's complaint also asserted a claim for breach of fiduciary duty in which he alleged that respondents "put[ ] the interests of [respondents] and Stewart over the interests of [appellant] in the legal matters assigned to them." Appellant's complaint further

asserted a claim for breach of contract in which he alleged that respondents had "failed to take all actions reasonably necessary to consider the questions presented to them."

Consequently, we conclude that appellant lacked a good reason for not asserting his claims against respondents in Stewart's declaratory relief action. We therefore affirm the district court's dismissal of appellant's complaint on the ground that it was barred by claim preclusion. *See Pack v. LaTourette*, 128 Nev., Adv. Op. 25, 277 P.3d 1246, 1248 (2012) (recognizing that this court will affirm the district court's judgment if the district court reached the right result, albeit for different reasons).[3]

## *CONCLUSION*

In the interest of further promoting finality of litigation and judicial economy, we adopt the doctrine of nonmutual claim preclusion, meaning that a defendant may validly use claim preclusion as a defense by demonstrating that (1) there has been a valid, final judgment in a previous action; (2) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first action; and (3) privity exists between the new defendant and the previous defendant *or* the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff cannot provide a "good reason" for failing to include the new defendant in the

---

[3]Because appellant's complaint would not have been barred under this court's articulation of the claim preclusion factors in *Five Star*, appellant had arguably reasonable grounds for filing the complaint. *See* NRS 18.010(2)(b). We therefore reverse the post-judgment award of attorney fees.

previous action. Because appellant failed to provide such a reason in this case, the district court properly dismissed appellant's complaint on the basis of claim preclusion.

_____, J.
Saitta

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

SUPREME COURT
OF
NEVADA

(O) 1947A

PICKERING, J., with whom DOUGLAS, J., agrees, dissenting:

It is a mistake to resolve this case based on nonmutual claim preclusion, a doctrine the parties neither briefed nor argued until directed to do so by this court. The declaratory judgment the majority deems preclusive—to the entry of which Weddell stipulated—established only that the mediation panel's decision was valid and enforceable as between Stewart and Weddell. This is not the same claim, and it does not involve the same parties, as Weddell's later claims against the mediators, seeking damages for the mediators' alleged breaches of contract, fiduciary duty, and obligations of good faith and fair dealing.

In *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 712-13 (2008), this court lamented the "lack of clarity in our caselaw regarding the factors relevant to determining whether claim or issue preclusion apply" and undertook to provide "clear tests for making such determinations." For claim preclusion, we adopted a three-part test: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Id.* at 1054, 194 P.3d at 713 (footnotes omitted). Today's decision substantially dilutes both the first and third factors and in so doing disturbs the balance between need for repose, fairness, and efficiency that informs our claim preclusion law, reintroducing the uncertainty *Five Star* sought to dispel.

Claim preclusion requires the assertion of claims against a litigation opponent on penalty of forfeiture. The doctrine promotes consistent outcomes and repose but its requirements recognize that, if the second suit involves different parties or different claims, fairness and efficiency may require allowing a second, factually related suit to proceed except as to those matters that were actually litigated, to which issue

preclusion may attach. *See* 18 Charles Alan Wright, Arthur R. Miller & Edwin H. Cooper, *Federal Practice and Procedure* § 4407 (2d ed. 2002) (noting that "maximum expansion" of claim preclusion is undesirable since "[r]ules requiring assertion of all claims at once on pain of forfeiture would often increase litigation of matters that otherwise would be forgotten or forgiven"). Because nonmutual claim preclusion expands the persons who can assert claim preclusion beyond the parties and their privies, courts approach the doctrine "cautiously," 18A Wright, Miller & Cooper, *supra*, § 4463. As a rule, nonmutual claim preclusion is "'generally disfavored,'" *N.Y. Pizzeria, Inc. v. Syal*, 53 F. Supp. 3d 962, 969 (S.D. Tex. 2014) (quoting *Novell, Inc. v. Microsoft Corp.*, 429 Fed. App'x 254, 261 (4th Cir. 2011)), and, when recognized, has been applied mainly to circumstances involving indemnification or derivative liability relationships, or to prevent indirect defeat of a prior judgment, usually one involving complex natural resource or patent law issues. For a general discussion see 18A Wright, Miller & Cooper, *supra*, § 4464.1 (noting that "[t]he arguments for nonmutual claim preclusion beyond these situations are substantially weaker than the arguments for nonmutual issue preclusion").

The hallmark characteristic of—and "only cogent argument" for—"nonmutual claim preclusion is that the party to be precluded should have joined his new adversary in the original litigation." *Id.* This case does not fit that mold. In the first place, the judgment the majority treats as preclusive was the declaratory judgment Stewart sued Weddell to obtain in Stewart v. Weddell, to the entry of which Weddell confessed. It is questionable whether a declaratory judgment carries claim, as distinct from issue, preclusive effect, *see* Restatement (Second) of Judgments § 33 (1982); 18A Wright, Miller & Cooper, *supra*, § 4446 (describing the claim-preclusion effects of a declaratory judgment as "shrouded in miserable

obscurity")—even ignoring the problems with using a *confessed* judgment to effect preclusion on nonlitigated issues involving one or more nonparties, *see* 18A Wright, Miller & Cooper, *supra*, § 4463. Second, and more precisely germane to nonmutual claim preclusion, Weddell was the defendant to Stewart's declaratory judgment complaint and, as such, did not control the persons Stewart sued or joined.

The majority suggests, *ante* at 4, that Weddell could have "assert[ed] cross-claims against . . . the respondent[ ]" mediators in Stewart v. Weddell. I acknowledge that Weddell counterclaimed against Stewart when he answered Stewart's declaratory judgment complaint[1] and take the majority to be saying that Weddell should have joined the mediators as additional third-party or counterclaim defendants in Stewart v. Weddell. But parties seeking to confirm or vacate arbitration (here mediation) awards do not join the arbitrators or mediators; they join the others who were party to the alternative dispute resolution process. As the majority's finding of "no privity" between Stewart and the mediators suggests, whether the award (decision) is confirmed or not does not matter to the mediator, since he or she is not personally liable on the claims in dispute. It is thus far from clear that the mediators, as neutrals, were persons whose joinder was appropriate under NRCP 19 and 20, *see* NRCP

---

[1]Weddell sued Stewart before Stewart sued him. While the two suits apparently were consolidated, with Weddell initially incorporating his complaint against Stewart into his answer and counterclaims, the Stewart v. Weddell suit proceeded to trial first and resulted in a stipulated judgment that was limited to the declaration of validity Stewart sought as to the mediation panel decision. Weddell's complaint against Stewart proceeded to separate judgment and the majority does not treat it as relevant to its preclusion analysis.

13(h), much less persons "who [are] or may be liable to [Weddell] for all or part of [Stewart's] claim against [Weddell]," whose joinder NRCP 14 would authorize. *See N.Y. Pizzeria*, 53 F. Supp. 3d at 971 (similarly questioning third-party practice under the Texas cognate to NRCP 14). And, procedure aside, Weddell's claims against the mediators depended on Stewart winning declaratory judgment validating the panel's decision against Weddell. Given this, it is not reasonable to require the mediators' joinder, on penalty of forfeiture, as parties to the dispute between Stewart and Weddell. Indeed, imposing such a penalty incentivizes the unnecessary expansion of litigation that claim preclusion's three-factor test seeks to avoid.

*Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972), on which the majority relies, does not support application of nonmutual claim preclusion here. The plaintiff in *Gambocz* alleged conspiracy to thwart his candidacy for mayor. *Id.* at 839 n.1. After his first suit was dismissed, the plaintiff filed a second suit, repeating the same claims but adding three new defendants. *Id.* at 839. Given the "close or significant relationship" between the defendants to the first and second suits, who were alleged to have conspired with one another, and the identity of factual and legal theories, claim preclusion applied. *Id.* at 842.

In this case, by contrast, Stewart's and Weddell's dispute with one another differs from Weddell's dispute with the mediators. Weddell and Stewart did not deal with one another as lawyer to client, or neutral to party; they were failed former business associates, in combat with one another. Weddell's claims against the neutrals, by contrast, are for breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing, among others. This suit by Weddell against the mediators seems doomed as a matter of common law arbitral

immunity. *See* Rebekah Ryan Clark, *The Writing on the Wall: The Potential Liability of Mediators as Fiduciaries*, 2006 B.Y.U. L. Rev. 1033 (2006); William M. Howard, *Liability of Organization Sponsoring or Administering Arbitration to Parties Involved in Proceeding*, 69 A.L.R.6th 513 (2011) (collecting cases). But this does not change the fact that his claims against the neutrals arise from his allegations that they owed him fiduciary duties by reason of their status as attorneys and the role they undertook contractually to act as neutrals in mediating the dispute between Stewart and Weddell. These claims are legally and analytically distinct from Weddell's claims against Stewart and Stewart's claims against him, even as those claims relate to the agreement to submit their disagreements to binding mediation.

For these reasons, I respectfully dissent. I would reverse and remand for the district court to decide whether this suit is subject to dismissal on the basis of immunity or one of the alternative bases asserted by respondents but not decided by the district court in their motion to dismiss. I cannot agree that Weddell, on penalty of claim preclusion, was required to join the mediators as third-party or counterclaim defendants to the Stewart v. Weddell declaratory judgment suit.

_____*Pickering*_____, J.
Pickering

I concur:

_____*Douglas*_____, J.
Douglas