KELLY, Circuit Judge, concurring in part and dissenting in part.
 

 I agree that Counts 1, 2, 3, 5, 8, and 9 in the second action were subject to dismissal in light of the district court's dismissal of nearly identical claims in the first action. But I would reverse the district court's judgment as to the claims Elbert-who has been proceeding pro se since filing the first action-sought to bring against the former Doe defendants in their individual capacities in Counts 4, 6, and 7.
 

 At issue here is whether the former Doe defendants are in privity with any of the defendants served in the first action, for although Elbert tried to bring claims against the former Doe defendants in the first action, they were never made party to the action. Claim preclusion "is not ordinarily available" to individuals who were not party to the first action. Wright, Miller, & Cooper,
 
 supra
 
 § 4464.1. In
 
 Taylor
 
 , the Supreme Court reaffirmed the general rule against nonparty preclusion and outlined the rule's "discrete exceptions," which "apply in 'limited circumstances.' "
 
 553 U.S. at 892-99
 
 ,
 
 128 S.Ct. 2161
 
 (quoting
 
 Martin v. Wilks
 
 ,
 
 490 U.S. 755
 
 , 762 n.2,
 
 109 S.Ct. 2180
 
 ,
 
 104 L.Ed.2d 835
 
 (1989) ). Claim
 preclusion may be applied against a nonparty who stipulates to be bound by a final judgment, who has a substantive legal relationship with a party to the judgment, who was adequately represented by someone with the same interests who was party to the first suit, who assumed control over the first suit, who is the designated representative or agent for a party to the first suit, or when a special statutory scheme expressly allows for its application.
 

 Id.
 

 at 893-95
 
 ,
 
 128 S.Ct. 2161
 
 . The opinions cited by the court applying claim preclusion in favor of nonparties concern factual scenarios that generally fit into one of these discrete exceptions.
 
 See
 

 Airframe Sys.
 
 ,
 
 601 F.3d at 11
 
 (successor-predecessor relationship);
 
 Mars
 
 ,
 
 58 F.3d at 619
 
 (parent-subsidiary relationship);
 
 Lubrizol Corp.
 
 ,
 
 871 F.2d at 1288-89
 
 (principal-agent relationship);
 
 El San Juan Hotel
 
 ,
 
 841 F.2d at 10-11
 
 (attorney-client relationship);
 
 Ruple
 
 ,
 
 714 F.2d at 862
 
 (government-official relationship with "nearly identical" interests);
 
 Gambocz
 
 ,
 
 468 F.2d at 842
 
 (co-conspirator relationship);
 
 Bruszewski
 
 ,
 
 181 F.2d at 422-23
 
 (principal-agent relationship);
 
 cf.
 

 Richards
 
 ,
 
 517 U.S. at 802
 
 ,
 
 116 S.Ct. 1761
 
 (determining that an earlier judgment did not have preclusive effect because the plaintiffs in the second suit were not adequately represented by the plaintiffs in the first suit).
 

 Fowler
 
 ,
 
 479 F.2d 338
 
 , also fits within
 
 Taylor
 
 's exceptions. There, the plaintiff brought several lawsuits against prison officials alleging that they had violated his constitutional rights by paroling, rather than releasing, him from prison and by failing to give him a hearing when his parole was revoked. The plaintiff's claims against the two new defendants, who were accused of participating in the same parole-related decisions, were precluded by the earlier actions. As I read
 
 Fowler
 
 , the new defendants shared the same interests as, and were adequately represented by, the defendants in the first action. Claim preclusion was therefore available to them despite their nonparty status.
 

 But the former Doe defendants in this case do not fit within
 
 Taylor
 
 's exceptions. Elbert has sued each defendant in their individual capacities, and he alleges that individual defendants took discrete actions that violated his constitutional rights. This circuit has concluded that claim preclusion does not bar such claims.
 
 See
 

 Irving v. Dormire
 
 ,
 
 586 F.3d 645
 
 , 647 (8th Cir. 2009) (holding that claim preclusion did not bar individual-capacity claims against prison officials, one of whom had already defended the plaintiff's habeas petition in his official capacity);
 
 Headley v. Bacon
 
 ,
 
 828 F.2d 1272
 
 , 1277-80 (8th Cir. 1987) (holding that claim preclusion did not bar individual-capacity claims against police officers because they were not in privity with the city that employed them);
 
 see also, e.g.
 
 ,
 
 Gallagher v. O'Connor
 
 ,
 
 664 F. App'x 565
 
 , 568 (7th Cir. 2016) (holding that claim preclusion did not bar individual-capacity claims against a police officer, because his interests were not represented by any of the defendants in previous lawsuits, as "he would have to pay any judgment against him out of his own pocket");
 
 Beard v. O'Neal
 
 ,
 
 728 F.2d 894
 
 , 897 (7th Cir. 1984) ("We can discern no basis for holding that all F.B.I. agents and informants, sued individually for their own acts or inactions, are in privity for res judicata purposes."). From the record before the court, I cannot conclude that the former Doe defendants meet an exception to the general rule against nonparty preclusion.
 

 The court concludes that the former Doe defendants are nevertheless in privity with the defendants in the first action. The
 
 Taylor
 
 court expressly declined to use the term "privity" when discussing the exceptions to the general rule because it "has also come to be used more broadly, as a way to express the conclusion that nonparty
 preclusion is appropriate on any ground."
 

 Id.
 

 at 894 n.8,
 
 128 S.Ct. 2161
 
 . The court invokes "privity" in precisely that sense, holding that nonmutual claim preclusion applies even though the circumstances would not support a finding of privity as to the defendants who were not served in the first action. "[T]here is a price to be paid for this approach[, as b]ogus findings of privity may cloud reasoning as later courts confront real privity questions." Wright, Miller, & Cooper,
 
 supra
 
 , § 4464.1.
 

 Encouraging plaintiffs to join as many defendants as possible in the first action is, according to Wright and Miller, the "
 
 only
 
 cogent argument in favor of nonmutual claim preclusion."
 
 Id.
 
 (emphasis added). It's a tempting argument here, where Elbert's lawsuits have resulted in drawn-out litigation of claims that have so far proven to be without merit. But as Wright and Miller caution, "claims that seem thin are deliberately protected against judicial impatience by a host of rules that should not be subverted by equally thin preclusion reasoning."
 
 Id.
 
 That is the case here, where Elbert did not have "ample opportunity to litigate his claims,"
 
 ante
 
 at 784, in the first action: He couldn't join the former Doe defendants initially because he didn't know their names; and later, the district court denied him leave to amend. I would conclude that Counts 4, 6, and 7 of Elbert's complaint were not barred by claim preclusion to the extent they are brought against the former Doe defendants in their individual capacities, and that their dismissal on that basis was erroneous.